## MICHIGAN TRUST COMPANY *v.* FERRY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

Nos. 200, 201.　Argued March 20, 1913.—Decided April 21, 1913.

While ordinarily jurisdiction over a person is based on the power of the sovereign to seize and imprison him, it is one of the decencies of civilization that when the power exists and has been asserted at the beginning of a cause, the necessity of maintaining the physical power is dispensed with.

Under the full faith and credit clause of the Federal Constitution, if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of the State to bind that person by every subsequent order in the cause.

A State may make the whole administration of the estate a single proceeding and provide that one undertaking it within the jurisdiction shall be subject to the order of the court until the estate is closed, and that he must account for all that he recovers by order of the probate court.

Under the law of Michigan an executor who has been removed must account to the administrator *de bonis non* for all property that has come into his hands, and he is bound by a decree of the probate court in a proceeding in which he has been personally served with notice or appeared.

Courts of other jurisdictions owe great deference to what the court concerned with the case has done; the probabilities are that the local procedure follows the traditions of the place.

This court will assume that the decree of a probate court charging an executor with all the goods of the testator that had come into his possession and with waste in neglect to pay over was within its jurisdiction.

Want of power of the court making it to enforce a decree does not affect its validity, and if the court had jurisdiction at the inception of the case, courts of other States must give it full faith and credit.

Jurisdiction is power and is not affected by the insanity of one over whom the court has acquired jurisdiction, and an executor against whom a decree is entered after appearance, appointment of guardian *ad litem* and full consideration of the case at the expense of the estate, is not deprived of his property without due process of law by such decree.

175 Fed. Rep. 667, 681, reversed.

THE facts, which involve the degree of full faith and credit to be given by the courts of one State to a decree of the probate court of another State, are stated in the opinion.

*Mr. Willard F. Keeney* and *Mr. Charles S. Thomas*, with whom *Mr. Edward B. Critchlow, Mr. Henry C. Hall* and *Mr. Walter I. Lillie* were on the brief, for petitioner.

*Mr. George Sutherland* and *Mr. Franklin S. Richards*, with whom *Mr. Edward Stewart Ferry* was on the brief, for respondent:

No court under our system of jurisprudence has power to render a personal judgment against one who resides beyond the territorial limits of the court upon constructive service of process on him in the place of his residence and without personal service of process upon him within the jurisdiction of the court, or after his voluntary appearance. Such action is beyond the jurisdiction of the court, and any judgment so rendered is absolutely void, and therefore not protected by the full faith and credit clause of the Federal Constitution. The enforcement of such a judgment in another jurisdiction would be a deprivation of property without due process of law. *Pennoyer* v. *Neff*, 95 U. S. 714, 720; *Insurance Co.* v. *Bangs*, 103 U. S. 435; *Old Wayne Life Ass'n* v. *McDonough*, 204 U. S. 8; *D'Arcy* v. *Ketchum*, 11 How. 165, 174; *Galpin* v. *Page*, 18 Wall. 350, 368; *Brown* v. *Fletcher*, 210 U. S. 82; *Haddock* v. *Haddock*, 201 U. S. 562, 567; *Raher* v. *Raher*, 129 N. W. Rep. 494; *Judy* v. *Kelly*, 11 Illinois, 211, approved in *Lawrence* v. *Nelson*, 154 U. S. 222; *Grover & Baker Co.* v. *Radcliffe*, 137 U. S. 287.

A personal judgment is without validity if rendered by a state court in an action upon a money demand against a non-resident of the State, upon whom no personal service of process within the State was made, and who did not appear. *Goldey* v. *Morning News*, 156 U. S. 518, 521; *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100, 111; *Bigelow* v. *Old Dominion Mining Co.*, 225 U. S. 111.

In Utah a judgment in favor of an administrator *de bonis non* against the former executor is absolutely void. *Reed* v. *Hume*, 25 Utah, 248.

No court under our system of jurisprudence has power to render a decree in excess of the claim for relief demanded in the process and pleadings in the particular proceeding before it. The enforcement of such a decree would violate the due process clause of the Federal Constitution. *In re Rosser*, 101 Fed. Rep. 562; *Ex parte Lange*, 18 Wall. 163,

176; *Fenton* v. *Garlick*, 8 Johns. 194; *Monroe* v. *People*, 102 Illinois, 406; *Hanifan* v. *Needles*, 108 Illinois, 403; *Williamson* v. *Berry*, 8 How. 495, 540; *Reynolds* v. *Stockton*, 140 U. S. 254.

The probate court of Michigan is a court of limited jurisdiction. In the administration of estates of deceased persons its proceedings are *in rem* and it had no power to render a personal decree. Its decrees create no liens and cannot be enforced by execution. *Rogers* v. *Huntley*, 166 Michigan, 129; *Holbrook* v. *Cook*, 5 Michigan, 225; *Detroit L. & N. R. Co.* v. *Probate Judge*, 63 Michigan, 676; *Hilton* v. *Briggs*, 54 Michigan, 265; *Durfee* v. *Abbott*, 50 Michigan, 278, 285; *Fourniquet* v. *Perkins*, 7 How. 160, 171; *Kingsberry* v. *Hutton*, 140 Illinois, 603; Freeman on Executions (3d ed.), §.10, p. 34; *Ferris* v. *Higley*, 20 Wall. 375; *Grignon* v. *Astor*, 2 How. 319; *Schlee* v. *Darrow*, 65 Michigan, 362; *Grady* v. *Hughes*, 64 Michigan, 540; *Missionary Society* v. *Corning*, 164 Michigan, 395; *Nolan* v. *Garrison*, 156 Michigan, 397; *Wilson* v. *Hartford Fire Ins. Co.*, 164 Fed. Rep. 817.

In the absence of express statutory authority an administrator *de bonis non* cannot sue a former executor for damages for conversion. No such authority is given such an administrator by the statutes of Michigan. *Beall* v. *New Mexico*, 16 Wall. 535; *Carrick* v. *Carrick*, 23 N. J. Eq. 364; *Wilson* v. *Walker*, 109 U. S. 258; *Wilson* v. *Arrick*, 112 U. S. 83; *Reed* v. *Hume*, 25 Utah, 248; *Nolly* v. *Wilkins*, 11 Alabama, 872; *Hanifan* v. *Needles*, 108 Illinois, 403; *Ennis* v. *Smith* 14 How. 400: *Rowan* v. *Kirkpatrick*, 14 Illinois, 1, 8.

The decree of the probate court was not in favor of the Michigan Trust Company, for it was not a party to the proceeding upon which the decree was based and therefore it had no right of action upon the decree. *Louisiana Bank* v. *Whitney*, 121 U. S. 284; *Hookpayton* v. *Russell*, 10 Exch. 27; *Bigelow* v. *Old Dominion Copper Co.*,

225 U. S. 111. And see *Reynolds* v. *Stockton*, 140 U. S. 270.

As the decree of the probate court was rendered in favor of the estate of William M. Ferry, deceased, it is void, because not rendered in favor of a legal entity. *McInerey* v. *Beck*, 39 Pac. Rep. 130; Devlin on Deeds, 2d ed., § 187; *Stacy* v. *Thrasher*, 6 How. 60.

The decree also lacks the first essential element of a final judgment because it neither concludes the right of Edward P. Ferry to participate in the trust fund alleged to be owing by him to the estate of his father nor determines the extent of his participation. *Martinez* v. *Int. Banking Co.*, 220 U. S. 214; *Forgay* v. *Conrad*, 6 How. 201, 204; *Louisiana Bank* v. *Whitney*, 121 U. S. 284; *Grant* v. *Phœnix Ins. Co.*, 106 U. S. 429; *Holbrook* v. *Cook*, 5 Michigan, 229.

There is no privity between a guardian appointed in one State and a guardian appointed in another State to the same mentally incompetent person. Therefore, an action will not lie against the general guardians of Edward P. Ferry or against Edward P. Ferry personally in Utah on an alleged judgment obtained against him personally in a proceeding in Michigan in which a guardian *ad litem* attempted to act for him as executor. *Vaughn* v. *Northup*, 15 Pet. 1; *Stacy* v. *Thrasher*, 6 How. 44; *Johnson* v. *Powers*, 139 U. S. 156; *Brown* v. *Fletcher*, 210 U. S. 82; *Wilson* v. *Hartford Fire Ins. Co.*, 164 Fed. Rep. 817.

Neither the probate court in Michigan nor any other court has power to create a guardian *ad litem* for a non-resident incompetent executor. The appointment of a guardian *ad litem* can be made only where the proceeding is against an infant or incompetent, personally, or against his individual property, and then only after first having obtained proper service of process. 15 Enc. of Law, 2d ed. 2; *Chambers* v. *Jones*, 72 Illinois, 275; *Good* v. *Norley*, 28 Iowa, 188; *Frazier* v. *Parky*, 1 Swan (Tenn.), 75, 78;

*Galpin* v. *Page,* 18 Wall. 365; *Insurance Co.* v. *Bangs,* 103 U. S. 435.

When the defendant removed from Michigan and judicially was declared mentally incompetent by the Utah court and his person and property taken into the custody of that court under general guardianship proceedings there, his office as executor in Michigan became vacant, and the probate court of Michigan lost all jurisdiction whatever over him. It could not proceed to settle his accounts as executor, even for unadministered assets of his father's estate. Such an accounting could be had only in a suit in equity in which the defendant's general guardians in Utah would be given their day in court. *Bush* v. *Lindsey,* 44 California, 121; *Farnsworth* v. *Oliphant,* 19 Barb. (N. Y.) 30; *Chaquette* v. *Ortet,* 60 California, 594; *Re Allgier,* 65 California, 228; *Reither* v. *Murdock,* 67 Pac. Rep. 784; *Prince* v. *Towns,* 33 Fed. Rep. 161; *Holzer* v. *Thomas,* 61 Atl. Rep. 154; Comp. Laws of Michigan, 1897, §§ 650, 651, 8697.

In the instant case there is a plain and adequate remedy, and the law allows it. The residuary distributees of the estate of William M. Ferry never have been prevented from suing Edward P. Ferry in an action for an equitable accounting in Utah where he easily can be found, and where his representatives stand ready to respond to any just demand against him. *Salter* v. *Williamson,* 2 N. J. Eq. 480, 489; *Braithwaite* v. *Harvey,* Note to 27 L. R. A. 101; *Rich* v. *Bellamy,* 14 Florida, 537, 543; *Stilwell* v. *Carpenter,* 59 N. Y. 414, 425; *McNutty* v. *Hurd,* 72 N. Y. 518.

Mr. Justice Holmes delivered the opinion of the court.

These are suits brought in the Circuit Court for the District of Utah upon decrees of the Probate Court of Ottawa, Michigan. The defendant demurred to the complaints, the Circuit Court sustained the demurrers and

gave judgments for the defendant, and these judgments were affirmed by the Circuit Court of Appeals. 175 Fed. Rep. 667. *Id.* 681. 99 C. C. A. 221. *Id.* 235. A short statement of the facts alleged at great length in the complaints will be enough.

William M. Ferry died in 1867 domiciled in Ottawa County, Michigan. His will was proved, and the defendant, Edward P. Ferry, was appointed executor by the Ottawa Probate Court, qualified and entered upon his duties. In 1878 he removed to Utah and becoming incompetent was put under the guardianship of two sons, W. Mont Ferry and Edward S. Ferry, in 1892. In 1903 residuary legatees and devisees petitioned the Michigan Probate Court that the defendant be removed from his office of executor, that he be ordered to account for the unadministered residue of the estate and that the Michigan Trust Company be appointed administrator *de bonis non* with the will annexed. Notice of the petition and time and place of the hearing was given by publication and also was given to the defendant and his guardians personally in Utah. The guardians by order of the Utah court appeared and asked for the appointment of a guardian *ad litem,* which was made, and an answer and cross petition praying for affirmative relief were filed. Lawyers were retained and paid out of the defendant's estate by order of the Utah court. There were various proceedings, the end of which was that the plaintiff was appointed administrator *de bonis non,* the cross petition was denied, and it was decreed that the defendant was indebted to the estate for $1,220,473.41. The defendant being entitled to one-fourth of the above sum as residuary legatee, he was declared liable for $915,355.08 and ordered to pay it over within sixty days to the Michigan Trust Company. The defendant also had been appointed by the same court executor under his mother's will and after proceedings like those that we have described was de-

clared liable .for· $16,458.81, which too he was ordered
to pay to the plaintiff within sixty days.

Ordinarily jurisdiction over a person is based on the
power of the sovereign asserting it to seize that person and
imprison him to await the sovereign's pleasure.     But
when that power exists and is asserted by service at the
beginning of a cause, or if the party submits to the juris-
diction in whatever form may be required, we dispense
with the necessity of maintaining the physical power and
attribute the same force to the judgment or decree whether
the party remain within the jurisdiction or not.     This·is
one of the decencies of civilization that no one would dis-
pute.     It applies to Article IV, § 1, of the Constitution, so
that if a judicial proceeding is begun with jurisdiction
over the person of the party concerned it is within the
power of a State to bind him by every subsequent order
in the cause.     *Nations* v. *Johnson,* 24 How. 195, 203, 204.
This is true not only of ordinary actions but of proceedings
like the present.     It is within the power of a State to make
the whole administration of the estate a single proceeding,
to provide that one who has undertaken it within the
jurisdiction shall be subject to the order of the court in
the matter until the administration is closed by distribu-
tion, and, on the same principle, that he shall be required
to account for and distribute all that he receives, by the
order of the Probate Court.

The court below, admitting the power of the Michigan
court to adjudge the true state of the account of the
assets in the defendant's hands and to require him to
transfer them to his successor, denied its power to adjudge
him liable for assets converted to his own use and to decree
that he should pay the amount from his own property.
We believe that this is the law in some of the States;
*United States.* v. *Walker,* 109 U. S. 258; but it is no less
well established in many that an executor must account
for all the property that has come to his hands, and the

proceedings end with a decree that he pay over the sum
with which he is chargeable either to his successor or the
ultimate distributees, such a decree indeed being a con-
dition precedent of the cumulative remedy on the bond.
*Storer* v. *Storer*, 6 Massachusetts, 390, 392, 393. *Cobb* v.
*Kempton*, 154 Massachusetts, 266, 269. *Murray* v. *Wood*,
144 Massachusetts, 195, 197. *Probate Court* v. *Chapin*,
31 Vermont, 373, 376. In *Beall* v. *New Mexico*, 16 Wall.
535, 540, it is recognized that some States have made it
the duty of an administrator who has been displaced to
account to the administrator *de bonis non*, and very many
decisions to that effect are cited correctly in 2 Woerner,
Adm., 2d ed., § 352, p. 748. *Vide id.*, § 536, pp. 1181, 1182.

As there can be no doubt of the power of the States to
give the larger scope to an account, which indeed is not
illogical in view of the fuller modern development of the
notion that an executor holds all the assets in a fiduciary
capacity, the only question in any case is what the State
has seen fit to do. Upon this question courts of other
jurisdictions owe great deference to what the court con-
cerned has done. It is a strong thing for another tribunal
to say that the local court did not know its own business
under its own laws. Even if no statute or decision of the
Supreme Court of the State is produced, the probability
is that the local procedure follows the traditions of the
place. Therefore we should feel bound to assume that
the Michigan decree was not too broad, in the absence of
statute or decision showing that it was wrong.

But unless and until the Supreme Court of Michigan
shall decide otherwise we are of opinion that the Probate
Court was right. The statutes provide for charging an
executor in his account with the whole of the goods of the
deceased that come to his possession and with waste in
case of neglect to pay over the money in his hands or of
loss to the persons interested. Liability on the bond is
stated as alternative. Compiled Laws, 1897, §§ 9428,

9435. Compiled Laws, 1857, §§ 2977, 2984. It is said by the Supreme Court that money received by an administrator and unjustifiably paid out is still in his hands in contemplation of law, and that parties interested may surcharge or falsify his account, *Hall* v. *Grovier*, 25 Michigan, 428, 432, 436; and again, that the assets of an estate are not regarded as administered until they have been collected and applied as required by law or the will of the testator; until that time the jurisdiction of the Probate Court remains. *Lafferty* v. *People's Savings Bank*, 76 Michigan, 35, 50. See farther *Stevens* v. *Ottawa Probate Judge*, 156 Michigan, 526, 533, 534, arising out of this case. *In re Saier's Estate*, 158 Michigan, 170, 173. In short Michigan in a general way adopted the Massachusetts probate system, *Campau* v. *Gillett*, 1 Michigan, 416, 417, according to which assets are not administered by being converted to the executor's own use, but must be charged to him in his account. If the defendant properly was charged in his account with all that came to his hands and that was not distributed according to law, it was within the power of the Probate Court to order him to distribute that amount or to pay it to his successor in the trust. *Lafferty* v. *People's Savings Bank*, 76 Michigan, 35, 71.

It follows from what we have said that a petition to the Probate Court that the defendant be ordered to account covered all his receipts as executor and that notice of the petition was notice that the accounting would have that scope. The decree upon the account was made with full jurisdiction and apart from the insanity of the accountant could be sued upon, *Storer* v. *Storer*, 6 Massachusetts, 390; *Cobb* v. *Kempton*, 154 Massachusetts, 266, 269, and was entitled to full faith and credit elsewhere. *Fitzsimmons* v. *Johnson*, 90 Tennessee, 614, 428, 429, 433. It is true that it could not be enforced in Michigan while the defendant remained out of the State. But while the want of power to

enforce a judgment or decree may afford a reason against entertaining jurisdiction, *Giles* v. *Harris*, 189 U. S. 475, 488, it has nothing to do with the validity of a decree when made. A decree in equity against a defendant who had left the State after service upon him and had taken all his property with him would be entitled to full faith and credit where he was found. The judgment of a court 'may be complete and perfect and have full effect independent of the right to issue execution.' *Mills* v. *Duryee*, 7 Cranch, 481, 485. See *Kimball* v. *St. Louis & San Francisco Ry. Co.*, 157 Massachusetts, 7, 8.

Jurisdiction is power, and the power of the Michigan court was not affected by the insanity of Ferry. The authority of the State to remove him and to require his account to be settled at the same time remained, and therefore, subject to any restrictions that might be imposed by the Fourteenth Amendment, it was for the State to determine how he should be represented and what steps should be taken to protect his rights. As the jurisdiction extended only to the cause and not to any independent proceeding for guardianship, the orders made necessarily were orders in the cause. But we do not perceive what more could have been done to secure Ferry's rights. Still less do we see any ground for declaring the decree invalid because of the Fourteenth Amendment. The steps taken were concurred in by the only courts that had anything to say about it, the Utah court that controlled his person and the Michigan court that controlled the cause. On the whole case our opinion is that the judgment should be reversed.

*Judgment reversed.*

Mr. Justice McKenna and Mr. Justice Lamar dissent. Mr. Justice Van Devanter took no part in the decision.