STATE *ex rel.* MELVYN RAVITZ

*v.*

HONORABLE FRED L. FOX, II,
*Judge Of The Circuit Court Of*
*Marion County, West Virginia*
*(Division II), Sitting Specially*
*As Judge Of The Circuit Court of*
*Monongalia County, West Virginia*

(No. 14770)

Decided December 19, 1980.

*R. Joseph Zak, Preiser & Wilson* for relator.

*Clark B. Frame* for respondent.

McGRAW, JUSTICE:

In this original prohibition proceeding, the relator, Melvyn Ravitz, seeks an order prohibiting the respondent, Fred L. Fox, II, sitting specially as Judge of the Monongalia County Circuit Court, from proceeding further upon a motion by relator's former wife for review and modification of a divorce decree.

The facts are not in dispute. Melvyn (husband) and Judy (wife) Ravitz were divorced by a decree of the Circuit Court of Monongalia County entered in October 1975. Throughout the divorce proceedings and at the time of the entry of the decree, both parties were residents of Monongalia County. The circuit court had personal jurisdiction over the parties, and by its decree awarded custody of the two minor children to the wife, and ordered the husband to pay alimony and support.

Following the divorce, the wife moved to Florida with the two children, where they have continued to reside, and the husband completed his medical education at West Virginia University, left this State, and opened medical practice in the State of New Jersey, where he currently resides.

In March 1976, the wife instituted an action in the Superior Court of New Jersey, Chancery Division, Ocean County, New Jersey, seeking to enforce the West Virginia divorce decree and to collect accrued alimony and child support payments. The New Jersey complaint also alleged that the relator had failed to comply in other respects with

the West Virginia divorce decree, and had willfully converted certain jointly-owned assets. This civil action resulted in an agreement between the parties disposing of the matters raised in the complaint.[1] If this agreement was presented to the Judge of the Superior Court of New Jersey, the record neither shows that he acted upon it nor that he incorporated any of its specific provisions. The court entered an order dealing exclusively with the relator's visitation rights. It is fair to say that the record does not reveal the imprimatur of any court upon the agreement entered into in New Jersey except that the relator pleads it. At this stage of the procedure it might be considered a fugitive document although it might be pleaded below as a change in circumstances.

On September 14, 1979, counsel for the wife initiated modification proceedings in West Virginia pursuant to W. Va. Code § 48-2-15 by filing a motion in the Circuit Court of Monongalia County. Notice of this newly initiated proceeding was given in the form of a notice of motion and motion returnable September 26, 1979, which was mailed to the relator at his New Jersey address by certified mail, return receipt requested. Thereafter, counsel for the relator appeared specially in the Circuit Court of Monongalia County and moved to dismiss for lack of jurisdiction on several grounds. By letter opinion, the circuit court denied the motions to dismiss and directed the parties to file affidavits with the court concerning their incomes, expenses, and any other data that might be helpful to the court in its modification considerations. The relator then petitioned this Court for a writ of prohibition barring the respondent judge from conducting further proceedings and we issued a rule to show cause.

The relator raises essentially three issues. First, he contends the circuit court does not have personal

---

[1] The agreement was made contingent upon the dismissal of an alleged rehearing of the West Virginia divorce action. The 1975 West Virginia divorce decree ordered the parties to reappear before the court in twenty-four months for review of matters of alimony, child support, and visitation rights. It would appear that the parties were referring to the review of the West Virginia divorce action.

jurisdiction over him and therefore is without the power to enter a decree as to alimony and child support. Second, he argues that because the New Jersey court assumed jurisdiction and modified the West Virginia divorce decree, the West Virginia court was divested of jurisdiction over both the parties and the subject matter. Third, he argues that the failure of the petitioner to file a verified petition is a jurisdictional defect warranting prohibition. Concluding that none of the relator's contentions are such as to entitle him to relief in prohibition, we discharge the rule previously issued and deny the writ.

We note initially that the relator does not dispute subject matter jurisdiction and recognizes that the circuit court originally granting a divorce is vested with continuing subject matter jurisdiction under W. Va. Code § 48-2-15 to modify or alter its original order as to alimony and child support, as the altered circumstances of the parties and the needs of the children may require. *See, e.g.,* Syl. pt. 6, *In re Estate of Hereford,* 162 W. Va. 477, 250 S.E.2d 45 (1978) (child support subject to continuing judicial modification); *State ex rel. Trembly v. Whiston,* 159 W. Va. 298, 220 S.E.2d 690 (1975) (child custody agreement merged in decree did not preclude change in custody). Although the divorce portion of the decree becomes final, we recognized in *Acord v. Acord,* 164 W. Va. 562, 264 S.E.2d 848 (1980), that the circuit court has continuing jurisdiction to reopen the judgment and modify the decree as to other matters pursuant to the provisions of W. Va. Code § 48-2-15. The relator does, however, challenge the circuit court's personal jurisdiction.

I

The fundamental question raised in this proceeding is whether a circuit court under W. Va. Code § 48-2-15 can properly continue to exercise personal jurisdiction over the parties in a divorce proceeding where both of the parties and their children have established a domicile outside of this State and notice is served by certified mail. We have not addressed this question, but courts in other states have uniformly followed the doctrine of continuing personal

jurisdiction to retain *in personam* jurisdiction over non-resident parties.

The case of *McClennan v. McClennan*, 125 Ill.App.2d 477, 261 N.E.2d 216 (1970), citing several prior decisions in that jurisdiction, is factually quite similar to this case, and we find that court's reasoning particularly pertinent here. The court said:

> Once the court's jurisdiction of the person attaches, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. With the matter of support and custody being placed in issue in the original proceeding, it cannot be said that the future welfare of children and matters relating to their support and custody requirements do not arise out of the original action. They are, indeed, an integral part of the original case. A party cannot place these matters in issue before a court, being himself subject to its jurisdiction and decretal orders, and later avoid the court's continuing jurisdiction to modify such orders as changing circumstances may require by the simple expedient of moving outside the court's geographical jurisdiction. Were the rule otherwise then litigants would become scofflaws. *The rule has been that once the court has jurisdiction it is sufficient compliance with due process to dispense with personal service of summons upon postdecree proceedings, it being sufficient to give notice of the pendency and hearing by mail* . . . . (emphasis supplied)

*Accord, Campbell v. Campbell*, 357 So.2d 129 (Miss. 1978); *Glading v. Furman*, 282 Md. 200, 383 A.2d 398 (1978); *Atwood v. Atwood*, 253 Minn. 185, 91 N.W.2d 728 (1958); *Van Divort v. Van Divort*, 165 Ohio St. 141, 134 N.E.2d 715 (1946); 24 Am. Jur.2d *Divorce and Separation* § 852 (1966).

As the Maryland court in *Glading v. Furman, supra* noted, the United States Supreme Court placed its imprimatur on the continuing personal jurisdiction doctrine in the case of *Michigan Trust Company v. Ferry*, 228 U. S. 346, 33 S.Ct. 550, 552, 57 L.Ed. 867 (1913), where Justice Holmes said that "if a judicial proceeding is begun with

jurisdiction over the person of the party concerned it is within the power of a state to bind him by every subsequent order in the cause."

The doctrine of continuing personal jurisdiction we find applicable here is based on our statutory law and sound public policy. This doctrine has been defined by the American Law Institute in these terms:

> If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding. Restatement (Second) of Conflict of Laws § 26 (1971). *See also*, R. Leflar, *American Conflicts Law* § 28 (1968).

This Court has long recognized that a circuit court can constitutionally exercise its continuing personal jurisdiction only where reasonable notice is given to the party whose rights are affected, otherwise an order modifying a former divorce decree is void. *See, e.g., Acord v. Acord, supra; Harloe v. Harloe*, 129 W. Va. 1, 38 S.E.2d 362 (1946).

Relator's reliance on *Smith v. Smith*, 138 W. Va. 388, 76 S.E.2d 253 (1953) is completely misplaced and confuses the requirements for properly commencing an action for divorce with the due process notice requirements for commencing a subsequent proceeding to modify a divorce decree. *Smith* involved an original action for divorce where the return of process was defective; the instant proceeding is to modify an original divorce decree pursuant to W. Va. Code § 48-2-15. *See, McClennan v. McClennan, supra.*

We conclude that once the circuit court's jurisdiction of the person attaches in a divorce action, jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action, including matters relating to alimony, child support, and custody, and that a party may not avoid the continuing jurisdiction of the trial court to modify orders concerning alimony, child support, and custody by moving outside the geographical jurisdiction of this State. We also conclude that once a circuit court

has jurisdiction of the subject matter and the parties to a divorce action, due process is satisfied by giving notice of the pendency of the post-decree modification proceedings under W. Va. Code § 48-2-15 by certified mail.

## II

Relator's second jurisdictional attack is that the New Jersey decree divested the circuit court of personal and subject matter jurisdiction. The thrust of this argument is that the original divorce has been transformed into a foreign judgment which, under Article IV, Section I, of the *United States Constitution,* is entitled to full faith and credit by the courts of West Virginia. There is also a suggestion implicit in this argument that the foreign judgment is *res judicata. See,* e.g., *State ex rel. Lynn v. Eddy,* 152 W. Va. 345, 163 S.E.2d 472 (1968).

We note initially that the New Jersey decree dealt only with the husband's visitation rights. Since alimony and child support are the only issues raised in any way by the record below, we conclude no full faith and credit clause or *res judicata* issues are fairly raised in this proceeding. Even if we were to accept relator's characterization of the nature of the decree, this contention is not persuasive and no authorities are cited in support of this proposition. Indeed, relator's reply brief arguments are directed at whether the circuit court should exercise its jurisdiction rather than whether it possesses any power to do so.

We note also that it has long been the rule that a decree or order of another state awarding child custody in a divorce suit is not *res judicata* in a subsequent custody proceeding in this state where there has been a change in circumstances. *See,* e.g., *Cantrell v. Cantrell,* 143 W. Va. 826, 106 S.E.2d 768 (1953); *Stapler v. Leamons,* 101 W. Va. 235, 132 S.E. 507 (1926). We apprehend no reason to consider alimony and child support any differently.

Furthermore, as matters of alimony, child custody, and support are almost invariably subject to modification in the state of their rendition upon a showing of changed circumstances, the role of full faith and credit in this area of the law is markedly attenuated. *See, Barber v. Barber,*

323 U. S. 77, 65 S.Ct. 137, 89 L.Ed.2d 82 (1944); *Sistare v. Sistare*, 218 U. S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910) (alimony decree entitled to full faith and credit only to extent past due installments not subject to modification in state where decree entered); Scoles, *Enforcement of Foreign "Non-Final" Alimony and Support Orders*, 53 Colum. L. Rev. 817 (1953).

## III

The relator's last contention is procedural. He asserts that the jurisdiction of the circuit court to modify the original divorce decree under W. Va. Code § 48-2-15 has not been properly "invoked", since that provision requires a "verified petition" rather than a motion. He contends the motion fails to allege facts and circumstances, particularly a change in the circumstances of the parties, sufficient to warrant the circuit court's assumption of jurisdiction.

As we have already shown, "once the court's jurisdiction of the person attaches" "the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action".[2] The original 1975 decree of the circuit court of Monongalia County "ordered that these . . . parties reappear . . . in twenty-four (months) . . . in order that the court might review support and alimony, visitation rights, and any changes in the status of the parties". The circuit court, recognizing as it did the unsettled circumstances of the parties, anticipated further proceedings and the petitioner properly moved to vindicate her rights so reserved. Even with the continuing jurisdiction of which we have spoken, the order might have been as are most decrees of this nature, "final". As a practical matter, the court knows that these types of decrees most commonly play out on their own terms with no modifica-

---

[2] We note the relator does argue that the exercise of personal jurisdiction over him violates the due process clause of the Fourteenth Amendment in terms of minimum contacts. The United States Supreme Court addressed the minimum contacts issue in the context of domestic relations in *Kulko v. Superior Court of California*, 436 U. S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). *Kulko*, however, is distinguishable on its facts and in no way undermines the continuing personal jurisdiction doctrine we apply here.

tions, the parties usually fulfilling the broad terms of the decree until time extinguishes any cause for modification. In this case, the evidence indicated and the lower court anticipated the need for further review. The subsequent proceedings vindicate that court's foresight.

When the order is truly "final", the statute requiring a verified petition must be met in order that justice can be properly administered for our law is historically clear that in a reopening, a verified petition is a mandatory statutory requirement. In the instant case, discovery is available upon the order of the court pursuant to W. Va. R.C.P. 81(a)(2) and the trial court, acting thereupon did order it to develop the case. Defects in pleading are not ordinarily subject to prohibition but rather to review upon appeal and we consider this pleading to be, in the nature of the case, most ordinary.

For the reasons stated we discharge the rule previously issued and deny the writ of prohibition.

*Writ denied.*