Argued and submitted October 13, 1982, reversed and remanded March 23, 1983

CARLIN,
*Plaintiff,*
*v.*
CARLIN,
*Defendant.*

CARLIN et al,
*Appellants,*
*v.*
CARLIN,
*Respondent.*

(319 638; CA A24712)

660 P2d 204

David N. Hobson, Portland, argued the cause and filed the brief for appellants.

Marla J. McGeorge, Portland, argued the cause for respondent. With her on the brief was Purcella & Laury, P.C., Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman,* Judge.

VAN HOOMISSEN, J.

---

* Newman, J., *vice* Thornton, J., retired.

## VAN HOOMISSEN, J.

Mother and the parties' child, Caryn, appeal from a trial court order allowing father's motion to dismiss their motion to modify the parties' dissolution decree to increase child support. The issue is whether the trial court had personal jurisdiction over father, a resident of Arizona. The trial court concluded that it did not. We disagree and therefore reverse and remand.

In 1966, mother filed a suit for divorce. Personal service was obtained on father in Oregon. The dissolution decree awarded custody of Caryn to mother and ordered father to pay child support until Caryn reached majority.[1] In 1981, mother and Caryn moved to modify the decree to increase child support. ORS 107.135.[2] An order to show cause was issued requiring father to appear in Oregon to show cause why support should not be increased.

Father was served by substituted service in Arizona. The attorney for Mother and Caryn also mailed father a certified letter, advising him of the substituted service and enclosing a copy of the motion, order and affidavits. Father concedes that he received actual notice of the modification proceeding and that service and notice are not in issue here. Father also concedes that the trial court has subject matter jurisdiction. He contests only the court's personal jurisdiction over him.

While we have not addressed this specific issue before, in *Eusterman and Eusterman,* 41 Or App 717, 731-32, 598 P2d 1274 (1979), we said:

"Under ORS 107.135, the court has continuing jurisdiction over the subject matter of future support payments and retains power to modify that portion of the decree. The

---

[1] Caryn's affidavit indicates that she is entitled to support under the provisions of ORS 107.108 as an unmarried, full-time student under 21.

[2] ORS 107.135(1)(a) provides:

"The court has the power at any time after a decree of * * * dissolution of marriage * * * is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"Set aside, alter or modify so much of the decree as may provide for the * * * support * * * of the minor children * * *."

fact that such modification can be made on motion filed in the original suit indicates that the court also retains jurisdiction of the parties. The fact that the court has jurisdiction of the subject matter and the parties does not, however, authorize it to act without further notice. The question is not whether the court had jurisdiction but whether the father had notice."

The dissolution court has continuing personal jurisdiction over father so long as he owes a duty of support to Caryn. This conclusion is supported by the great weight of authority.[3] Father has cited no authority to the contrary, nor has our research revealed any.[4] Therefore, it was error for the trial court to allow father's motion.

Father contends that because he had been a resident of Arizona for several years before this modification proceeding was commenced, the circuit court did not acquire personal jurisdiction over him. He relies on ORCP 4K(2), which provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"In any action to enforce personal obligations arising under ORS Chapter 106 or 107, if the parties to a marriage have concurrently maintained the same or separate residences or domiciles within this state for a period of six months, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before filing of such action; but if an action to enforce personal obligations arising under ORS Chapter 106 or 107 is not commenced within one year following the date upon which the party who left the state acquired a

---

[3] *Garlitz v. Rozar*, 18 Ariz App 94, 500 P2d 354 (1972); *Rice v. Rice*, 222 Ark 639, 262 SW2d 270 (1953); *Sauls v. Sauls*, 40 Colo App 275, 577 P2d 771 (1977); *McClellan v. McClellan*, 125 Ill App 2d 477, 261 NE2d 216 (1970); *DeFatta v. DeFatta*, 352 So2d 287 (La App 1977); *Glading v. Furman*, 282 Md 200, 383 A2d 398 (1978); *Atwood v. Atwood*, 253 Minn 185, 91 NW2d 728 (1958); *Campbell v. Campbell*, 357 So2d 129 (Miss 1978); *Houde v. Beckmeyer*, 116 NH 719, 366 A2d 504 (1976); *Van Divort v. Van Divort*, 165 Ohio St 141, 134 NE2d 715, 59 Ohio Op 207 (1956); *State ex rel Ravitz v. Fox*, 273 SE2d 370 (W Va 1980); *see also* 24 Am Jur 2d, *Divorce and Separation* § 852.

[4] Our decision is based on the trial court's continuing jurisdiction. For a discussion of interstate enforcement of support obligations through long-arm statutes and URESA, *see* 18 Journal of Family Law 537 (1979-80).

residence or domicile in another state or country, *no juris-diction is conferred* by this subsection in any such action." (Emphasis supplied.)

Father's reliance on ORCP 4K(2) is misplaced. Once having obtained personal jurisdiction over father in 1966, the circuit court never lost that jurisdiction for child support purposes under ORS 107.135.

Reversed and remanded. Costs to appellants.