**Rolland Lee BAILEY, Appellant,**

v.

**Sharon Anne BAILEY, Appellee.**

**No. 74943.**

Supreme Court of Oklahoma.

Jan. 18, 1994.

Ronald E. Highnight, Tulsa, for appellant.

Polly Murphy, Ardmore, for appellee.

SUMMERS, Justice.

In 1983 the parties were divorced in Oklahoma. The father was given custody of the children. The decree was silent as to child support. He then took his medical practice to Arkansas and the mother took hers to Texas. In 1989 the father filed a motion to modify in the District Court where the divorce was granted, seeking child support. The mother appeared specially and chal-

lenged the court's *in personam* jurisdiction over her, principally relying on 12 O.S.1981 § 1272.2 (now renumbered and found at 43 O.S.1991 § 104).

The District Court of Murray County sustained the mother's plea to the jurisdiction. On review the Court of Appeals reversed. We have granted certiorari to address the question of first impression. That question is whether the statute divests the court of jurisdiction when both parties have left the state. We find that it does not. We arrive at the same result as the Court of Appeals and remand for further proceedings on the application for child support.

■ The mother first argued before the trial court that the proceeding was a new action to impose a new obligation, and was not a continuation of the divorce proceeding. We disagree. Divorce proceedings are special statutory proceedings. *Langley v. District Court of Sequoyah County,* 846 P.2d 376, 377 (Okla.1993). A District Court possesses the statutory power to modify its prior divorce decree to further adjudicate child support matters. 43 O.S.Supp.1993 § 112.[1] This court has described this power as the *continuing jurisdiction of a divorce court to modify its decrees. Barnett v. Klein,* 765 P.2d 777, 779 (Okla.1988); *Application of Price,* 528 P.2d 1107, 1109 (Okla.1974); *Fletcher v. Fletcher,* 362 P.2d 691, 693 (Okla. 1961).

■ The fact that the decree was originally silent as to child support is of no consequence. We have described imposing child support obligations as a "statutory duty", *Jones v. Jones,* 402 P.2d 272, 274 (Okla.1965), and explained that the authority of the trial court to impose an obligation of supporting minor children "either at the time of or after

judgment, in a divorce," arose from 12 O.S.Supp.1974 § 1277, now codified at 43 O.S.1991 § 112. *LeCrone v. LeCrone,* 596 P.2d 1262, 1264 (Okla.1979). Similarly, in *Wade v. Wade,* 570 P.2d 337 (Okla.1977) we stated that "the trial court must provide for the support of minor children and it is an abuse of discretion to do otherwise." *Id.* 570 P.2d at 339. The father argues that the continuing jurisdiction of the District Court is sufficient for the court to exercise jurisdiction over the mother and hear the matter. He is correct.

Historically, when a divorce court exercised this continuing jurisdiction and modified one of its earlier decrees, the modification proceeding was considered to be an extension of, or a part of, the earlier divorce proceeding. For this reason issuance of summons was not necessary to give the court jurisdiction over a party to the modification proceeding who was also a party to the earlier divorce proceeding. For example, in *Fletcher v. Fletcher,* 362 P.2d 691 (Okla.1961) we said: "Here the petition to modify the divorce decree was filed in the original action and the court had continuing jurisdiction." *Id.* 362 P.2d at 693. We further said that "it is unnecessary to have a summons issued and served, as the court has continuing jurisdiction in the action,...." *Id.* 362 P.2d at 692. (Syllabus by the court). *See also Stoner v. Weiss,* 96 Okla. 285, 222 P. 547 (Okla.1924), (support of a minor child may be modified upon a supplemental petition in the original action, and summons need not issue on a motion to modify a decree in the court of rendition); *Thompson v. Thompson,* 347 P.2d 799, 802 (Okla.1959), (same).

Courts have long recognized that notice of a modification proceeding brought to modify alimony or child support need not comply with the requisites of notice that is required

1. 43 O.S.Supp.1993 § 112 was formerly codified in a different form at 12 O.S.Supp.1988 § 1277. Section 1277 (with emphasis added) stated in part:
    A. A petition or cross-petition for divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children,

the court shall make provision for guardianship, custody, medical care, support and education of the minor children, and may *modify or change any order* in this respect, whenever circumstances render such change proper either before or after final judgment in the action,....

to commence a divorce when the court's jurisdiction over alimony and child support continues after the original decree, even when the defendant is a non-resident at the time of the modification. For example, in *Dupre v. Guillory*, 216 So.2d 327 (La.App.1968) the court explained:

> Where a proceeding for modification of an award of alimony or child support in a matrimonial action is permissible as a mere continuation of the original proceeding in which the award was rendered, it has been *universally held* that, as against a party over whom the court had personal jurisdiction in the original proceeding in which the award was made, the court's power to modify the award may be exercised upon reasonable notice other than personal service within the court's jurisdiction, even though the person notified is a nonresident at that time.

*Id.* 216 So.2d at 328, emphasis added and quoting Annot. 62 A.L.R.2d 544, 546 (1958).[2] Courts have applied this rule to circumstances when both parties to a divorce have

moved to states other than where the divorce decree was pronounced.[3]

Such an application is nothing more than a recognition "that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause." *Michigan Trust Co. v. Ferry*, 228 U.S. 346, 353, 33 S.Ct. 550, 552, 57 L.Ed. 867 (1913). Many courts have relied on *Michigan Trust Co. v. Ferry*, for controversies of this nature have recurred with some frequency.[4] For example, in *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E.2d 370 (1980) that Court cited *Michigan Trust Co. v. Ferry*, *supra*, and said that once jurisdiction over a person in a divorce action attaches jurisdiction continues:

> ... throughout all subsequent proceedings which arise out of the original cause of action, including matters relating to alimony, child support, and custody, and that a party may not avoid the continuing jurisdiction of the trial court to modify orders concerning alimony, child support, and custody by moving outside the geographical jurisdiction of this State.

---

**2.** The Annotation cites opinions from courts in Arkansas, California, District of Columbia, Florida, Illinois, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Nebraska, New Hampshire, New Jersey, New York, Ohio, Texas, Washington, and Wisconsin in accord. Annot. 62 A.L.R.2d 544, 546 (1958) and A.L.R.2d. Supplement, Vols. 62–66 at 82–83 (1984). *See e.g., Davi v. Davi*, 456 S.W.2d 238 (Tex.Civ.App.1970, writ dism'd), (defendant moved to a different state after the divorce, objected to personal jurisdiction in a subsequent motion to modify, and the court explained the continuing jurisdiction of courts in support matters); *Carlin v. Carlin*, 62 Or.App. 350, 660 P.2d 204, 205 n. 3 (1983), (held that divorce court retained continuing personal jurisdiction over nonresident father so long as parent owed duty to support, and court collected similar cases from other states).

**3.** *See Hall v. Hall*, 524 So.2d 370 (Ala.Civ.App. 1988), (Alabama court could exercise continuing jurisdiction to modify its decree although ex-husband was a resident of Florida and the ex-wife a resident of Georgia); *Carter v. Carter*, 164 So.2d 219 (Fla.App.1964), (Florida court could exercise jurisdiction to modify the decree when the parties were divorced in Florida, the ex-wife moved to Tennessee, and the ex-husband moved

to Mississippi); *Chapman v. Chapman*, 512 N.E.2d 414 (Ind.App.1987), (divorce in Indiana, ex-husband moved to Tennessee with children, ex-wife moved to Connecticut, and Indiana court possessed personal jurisdiction over ex-husband on ex-wife's motion for contempt for ex-husband's failure to pay visitation expenses).

**4.** *See State ex rel. R.G. v. W.M.B.*, 159 Wis.2d 662, 465 N.W.2d 221, 225 (Ct.App.1990), (continuing jurisdiction over defendant on order to show cause for failure to pay child support); *Campbell v. Campbell*, 357 So.2d 129, 131 (Miss.1978), (personal jurisdiction continued over nonresident for modification proceeding); *Glading v. Furman*, 282 Md. 200, 383 A.2d 398, 401 (1978), (state court had continuing personal jurisdiction over non-resident to render support order although original decree contained no provision for child support); *Rice v. Rice*, 222 Ark. 639, 262 S.W.2d 270, 271 (1953), (continuing jurisdiction over Arkansas resident by New York court in separate maintenance action); *Imperial v. Hardy*, 302 So.2d 5, 7 (La.1974), (continuing jurisdiction over nonresident father on motion for increase in child support).

*Id.* 273 S.E.2d at 373.[5]

The mother's claim that the modification proceeding is a new action is without merit.

We now come to the mother's contention that any continuing jurisdiction over her has been abrogated by 12 O.S.1981 § 1272.2, presently codified at 43 O.S.1991 § 104. She asserts that the statute provides for personal jurisdiction over a nonresident only when the other party to the marital relationship continues to reside in the state. She argues that since the father did not continue to reside in Oklahoma the Oklahoma Court had no personal jurisdiction over her.

The statute states:

**Personal jurisdiction in certain divorce actions**

> A court may exercise personal jurisdiction over a person, whether or not a resident of this state, who lived within this state in a marital or parental relationship, or both, as to all obligations for alimony and child support where the other party to the marital relationship continues to reside in this state. When the person who is subject to the jurisdiction of the court has departed from the state, he may be served outside of the state by any method that is authorized by the statutes of this state.

▋ When the motion to modify support was filed on October 27, 1989, 12 O.S.Supp. 1988 § 2004(F) was also in effect, which states:

ASSERTION OF JURISDICTION. A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.

The *in personam* jurisdiction of the modification proceeding is based upon the continuing jurisdiction of the District Court over the mother, *a proper party to the divorce proceeding*, and is consistent with the Constitution in this case. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985); *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Section 1272.2 (43 O.S.1991 § 104) does not act to snatch away personal jurisdiction in a proceeding where such jurisdiction is vested by a constitutionally valid method.

The section relied on by the mother was intended for a use other than in cases such as this one. At one time a marital defendant's physical presence in the state was necessary for an *in personam* judgment for child support or alimony. That unsatisfactory state of affairs was well known to the drafters of our long-arm statutes. *See Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957); *Daniel v. Daniel*, 348 P.2d 185, 188 (Okla.1959). In 1970 this court concluded that an Oklahoma court could exercise personal jurisdiction over a nonresident defendant in a marital action where the record showed that the defendant had five contacts with the State of Oklahoma. *Hines v. Clendenning*, 465 P.2d 460, 463 (Okla. 1970). However, it was not until 1978 in *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) that the United States Supreme Court applied a similar theory to a marital proceeding.[6]

▋ Section 1272.2 was enacted in 1973, prior to *Kulko*, and was a legislative expres-

---

5. The sole issue in this case is child *support*, and we make no pronouncement concerning modification of child *custody*. The Uniform Child Custody Jurisdiction Act (43 O.S.1991 §§ 501–527) is in no way applicable. See 43 O.S.1991 § 504(2) where the Act states that a custody determination governed by the Act "does not include a decision relating to child support or other monetary obligation...."

6. See Ratner, *Procedural Due Process and Jurisdiction to Adjudicate: (a) Effective–Litigation Values vs. Territorial Imperatives (b) The Uniform Child Custody Jurisdiction Act*, 75 N.W.L.Rev. 363, 381–385 (1980) where the author argued that the "mold" of *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877), basing jurisdiction upon physical presence of the person or property within the forum state was not "broken" as to marital actions decided by the Supreme Court until its decision in *Kulko* in 1978. *See also Imperial v. Hardy*, 302 So.2d 5, 7 (La.1974), (explaining the necessity for personal jurisdiction for money judgment in the context of a marital action and citing *Pennoyer*).

sion that certain contacts on the part of a spouse with the State of Oklahoma sufficed for an Oklahoma court to exercise jurisdiction over that spouse for the purpose of adjudicating obligations for alimony and child support. See Okla.Sess.Laws 1973 c. 21, where § 1272.2 was one of two sections enacted for long-arm jurisdiction. The minimum contacts theory for basing personal jurisdiction that was found in many non-marital opinions was thus legislatively adopted as the policy of the State for marital actions, in an attempt to expand and clarify the reach of process in divorce cases. See *Hines v. Clendenning,* 465 P.2d at 462. Section 1272.2 was not designed to, and does not, apply to post-judgment modification proceedings where personal jurisdiction over the parties attached prior to the original decree.

The mother also sought to invoke 12 O.S.Supp.1988 § 2005.1 [7] in her reply to the father's response to her petition for certiorari. She did not raise that statute in the trial court, nor in her appellate brief, nor in her petition for certiorari. Our rules provide that a reply is "addressed to arguments raised in the answer...." Rule 3.14 of the Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court. Section 2005.1 was not raised by the father, and the mother's use of the section is to raise an entirely new argument, alleging that state law requires a certain type of service of the motion to modify. Her theory has not been preserved for appellate review, and we also note that the appellate record contains no proper record on the type of service, if any, actually used. The party assigning error bears the burden of presenting this court with a record in support of assignments of error. *Hamid v. Sew Original,* 645 P.2d 496 (Okla.1982). We decline to address this proposition.

In sum, we conclude that a District Court has continuing *in personam* jurisdiction to modify a divorce decree rendered therein on the issue of support for minor children, even when the mother and father have moved from Oklahoma. We conclude that no service of summons was required in this case, and that the mother is properly before the Court upon the father's motion to modify.

The opinion of the Court of Appeals is vacated. The judgment of the District Court is reversed. The cause is remanded to the District Court of Murray County for further proceedings consistent with this opinion.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

OPALA, J., concurs in result.

KAUGER, J., dissents.

---

7. 12 O.S.Supp.1988 § 2005.1 provides: "all post-judgment motions pertaining to divorce proceedings shall be served in accordance with sub- section C of Section 2004 of the Oklahoma Statutes."