534 S.E.2d 776

**Susan Ann STOUT, Plaintiff Below, Appellee,**

v.

**Vernon L. STOUT, Defendant Below, Appellant.**

**No. 26905.**

Supreme Court of Appeals of West Virginia.

Submitted April 18, 2000.

Decided July 12, 2000.

---

John M. Butler, Esq., St. Mary's, West Virginia, Attorney for Appellee.

Susan D. Simmons, Esq., Berkeley L. Simmons, Esq., Elizabeth, West Virginia, Attorneys for Appellant.

McGRAW, Justice:

This is an appeal by Vernon L. Stout from an order of the Circuit Court of Wood County holding him in contempt of court for failing to pay child support in declaring that he owed an arrearage of $51,840.11, together with interest in the amount of $51,673.64, for a total of $103,513.75. On appeal, the appellant claims that the trial court erred in finding him in contempt of court and in failing to give full faith and credit to various orders of a court in Indiana relating to his arrearage.

## I.

### FACTS

The parties to this proceeding were divorced by order entered by the Circuit Court of Wood County on September 7, 1984. That order directed the appellant to pay $75 per week child support for each of the parties' two children.

The appellee did not receive the child support ordered, and, on August 26, 1985, she filed a petition in the Circuit Court of Wood County under the provision of the revised Uniform Reciprocal Enforcement of Support Act, commonly known as URESA. At the time, the appellant was living in the State of Indiana, and in accordance with applicable law, the URESA petition was forwarded to the State of Indiana. While proceedings were pending in the Superior Court of Madison County, Indiana, and after the appellee had apparently collected some arrearage due her, the parties, in August 1994, entered into an agreement which stated:

My son, Adam V. Stout, began a temporary residence with his father, Vernon L. Stout of 10506 N Nashville Rd., Pendleton, IN 46064, on August 6, 1994.

During this temporary residence Vernon L. Stout and I, Susan A. Stout, mother of Adam V. Stout, have agreed to the following regarding child support payments:

For our son, Adam V. Stout, a sum of $0.00 will be paid to Susan A. Stout per week.

For our daughter, Megan R. Stout, a sum of $27.50 will be paid to Susan A. Stout per week.

For arrearages a sum of $20.00 will be paid to Susan A. Stout per week.

Thus, a total of $47.50 will be paid to Susan A. Stout per week in the same manner in which it has been paid previously (through the West Virginia Department of Human Services, Child Advocate Office) during the temporary residence of Adam V. Stout with his father Vernon L. Stout.

Upon the return of Adam V. Stout to residence with his mother, Susan A. Stout, the child support payments to Susan A. Stout will return to their present rate of:

For our son, Adam V. Stout, a sum of $27.50 will be paid to Susan A. Stout per week.

For our daughter, Megan R. Stout, a sum of $27.50 will be paid to Susan A. Stout per week.

For arrearages a sum of $20.00 will be paid to Susan A. Stout per week.

Thus, upon the return of Adam V. Stout to residence with his mother, Susan A. stout, a total of $75.00 will be paid to Susan A. Stout per week in the same manner in which it has been paid previ-

ously (through the West Virginia Department of Human Services, Child Advocate Office).

This agreement was submitted to the Court in Indiana and that court reduced the child support payable by the appellant.

It appears that over the years various orders in the State of Indiana were entered updating the amount of arrearage owed by the appellant to the appellee. The updates were calculated using the modified child support levels established by the Indiana court. The last update order was entered in Indiana in September 1997 and indicated that as of September 25, 1997, the appellant owed $5,382.52.

On July 10, 1998, the appellee filed a contempt petition in the Circuit Court of Wood County against the appellant. In the course of the contempt proceeding, she alleged that the appellant owed her $70,125.21 in child support, an amount apparently based on the original West Virginia child support order. The appellant challenged the contempt proceeding and, on December 18, 1998, filed what he styled a "Petition for Recognition of Controlling Child Support Order and for Declaratory Relief Concerning Child Support Arrearage." In that petition, he alleged that there was no basis in fact for holding him in arrears for $70,125.21 since he claimed that that figure did not credit him with sums paid and was based on faulty accounting principles. He also asserted the actual amount due and owing was $5,382.52, less certain amounts paid since the filing of the arrearage petition.

An essential part of the appellant's claim was that in 1985, the appellant had voluntarily applied for jurisdiction in the State of Indiana, and that the State of Indiana had reduced his child support obligation. He also claimed that the orders of the State of Indiana were entitled to full faith and credit.

After taking the matter under consideration, the Circuit Court of Wood County entered the order from which the present appeal is being taken. In that order, the court found that the Bureau of Child Support Enforcement had prepared an accounting, giving the appellant credit for all payments for which he had made upon his child support

obligation. In accordance with that accounting, the court found that the appellant owed $51,840.11, and interest of $51,673.64. The court also found:

The Defendant [appellant] presented insufficient legal justification for his failure to comply with the Order of this Court entered September 7, 1984, the Court finding, that even full compliance by the Defendant, with the Orders of the Indiana Court would not be sufficient justification at law, for his failure to comply with the Orders of this Court. The Defendant has willfully and contumaciously failed to obey the Order of this Court with respect to the child support obligation imposed upon him by said Order and has offered no legal justification for his failure to pay the child support heretofore ordered by this Court.

In entering this order, the circuit court refused to recognize the actions of the Indiana court which modified the amount of child custody that the appellant was required to pay.

Finally, the court found: "Based upon the recitation of the Defendant, as to his monthly obligations and income, the Defendant has the ability to pay, not less than, Six Hundred Fifty Dollars ($650.00) per month upon the judgment to be granted to the Plaintiff herein."

## II.

## STANDARD OF REVIEW

■ This Court has indicated in Syllabus Point 4 of *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996), that: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*."

## III.

## DISCUSSION

As has been previously indicated, the contention of the appellant in the present case is that the trial court erred in holding him in

contempt of court for failing to pay child support. At the crux of the appellant's argument is the assertion that the Indiana court orders which recognized the agreement which he and the appellee had entered into altered what he was required to pay and that the Circuit Court of Wood County erred in failing to give full faith and credit to the various orders entered by the Indiana court relating to his arrearage.

Historically, this Court has refused to recognize modifications of West Virginia child support decrees made by courts of other states on the ground that a West Virginia court which initially entered a child support decree had continuing, exclusive jurisdiction over that order, and a modification made by a sister state was made without jurisdiction being in the sister state, and consequently was not entitled to full faith and credit. *See, Jeffrey v. Jeffrey*, 188 W.Va. 476, 425 S.E.2d 152 (1992); *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E.2d 370 (1980); and *Brady v. Brady*, 151 W.Va. 900, 158 S.E.2d 359 (1967).

Prior to the institution of the proceedings involved in the present appeal, the West Virginia Legislature adopted the Uniform Interstate Family Support Act, W. Va.Code 48B-1-101, *et seq.* In that Act, the West Virginia Legislature specifically modified West Virginia's prior rules relating to the continuing exclusive jurisdiction of a West Virginia circuit court to enforce prior child support orders. Among other things, the Legislature adopted W. Va.Code 48B-2-205(c), which provides:

If a child support order of this state is modified by a tribunal of another state pursuant to this chapter or a law substantially similar to this chapter [Chapter 48, West Virginia Code], a tribunal of this state loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this state, and may only: (1) Enforce the order that was modified as to amounts accruing before the modification; (2) enforce nonmodifiable aspects of that order; and (3) provide other appropriate relief for violations of that order which occurred before the effective date of the modification.

The effect of the enactment of this legislation was to modify the rule that a West Virginia court always had continuing, exclusive jurisdiction over a child support decree. It in effect recognizes that a sister state has jurisdiction to modify a West Virginia decree where the sister state acts under law substantially similar to West Virginia's law.

The Uniform Interstate Family Support Act details the circumstances under which a state other than West Virginia may obtain jurisdiction to modify a child support order initially made in West Virginia. In its essential provisions, W. Va.Code 48B-6-611(a), provides that a state other than West Virginia may assume jurisdiction if one of the parties is subject to the personal jurisdiction of the modifying state and if the parties who are individuals have filed written consents for the modifying tribunal to assume jurisdiction over the question.[1]

1. The exact language of W. Va.Code 48B-6-611(a) states:
(a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if section six hundred thirteen [48B-6-613] does not apply and after notice and hearing it finds that: (1) The following requirements are met: (I) The child, the individual obligee, and the obligor do not reside in the issuing state; (ii) a petitioner who is a nonresident of this state seeks modification; and (iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or (2) the child or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state

to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.

The commentators on the model Uniform Interstate Family Support Act provision which served as the basis of this West Virginia provision, state:
Subsection (a)(2), which authorizes the parties to terminate the continuing, exclusive jurisdiction of the issuing state by agreement, is based on several implicit assumptions. First, the subsection applies even if the issuing tribunal has continuing, exclusive jurisdiction be-

In the case presently before the Court, although it does not appear that the parties and the Indiana court followed precisely every requirement outlined in the Uniform Interstate Family Support Act in modifying the appellant's child support obligation, the key factors outlined in the Uniform Interstate Family Support Act were present. The appellant was subject to the personal jurisdiction of the Indiana court; the child for whom the support was modified was present with the appellant in Indiana; and both the appellant and the appellee entered into the agreement which prompted the Indiana court to modify the appellant's child support obligation; that agreement was in writing, and by its submission to the Indiana court, it appears that the parties were consenting to Indiana's assumption of jurisdiction over the child support question. These facts suggest to this Court that the Indiana court modified the original West Virginia support order pursuant to law substantially similar to the Uniform Interstate Family Support Act and that under W. Va.Code 48B–2–205(c), it did have jurisdiction to modify the order.

In *Brady v. Brady, supra*, this Court indicated that full faith and credit must be given to the judgment or decree of a sister state unless it can be attacked on a jurisdictional basis. Because the law of West Virginia prior to the enactment of the Uniform Interstate Family Support Act gave West Virginia continuing, exclusive jurisdiction over child support orders initially entered in West Virginia, the courts heretofore properly concluded that sister states had no jurisdiction to modify those orders, and that the acts of sister states were not entitled to full faith and credit. Now, however, after the enactment of the Uniform Interstate Family Support Act, this Court believes that where a court of a sister state obtains jurisdiction to modify a West Virginia child support order

pursuant to the provisions of the Uniform Interstate Family Support Act, and modifies that order in a manner which comports with the requirements of due process of law, the modification is entitled to full faith and credit in this State.

Consistent with this, this Court concludes that, under the provisions of W. Va.Code 48B–2–205(c), the modifications made by the Indiana court to the West Virginia child support decree involved in the present case are entitled to full faith and credit. The Court also believes that, in failing to accord the Indiana modification full faith and credit, the Circuit Court of Wood County erred in the present proceeding.

It does appear that the appellant, at the time of the appellee's latest action in the Circuit Court of Wood County, was in arrearage on amounts which he was required to pay even after the modification made by the Indiana court was taken into consideration. In the final order entered in the case, the circuit court found that during the proceedings in the case, the appellant had presented insufficient legal justification for his failure to comply with the support mandate and that he had acted willfully and contumaciously. The court also made a finding that the appellant had an ability to make payments of not less than $650 per month. Under these circumstances, the circuit court properly concluded that there was a basis for finding the appellant in contempt.

For the reasons stated, this Court believes that the judgment of the Circuit Court of Wood County in the present proceeding should be reversed, and that this case should be remanded with directions that the Circuit Court of Wood County recalculate the amount of the appellant's arrearage in light of the parties' modification agreement and

cause one of the parties or the child continues to reside in that state. Subsection (a)(2) also is applicable if the individual parties and the child no longer reside in the issuing state, but agree to submit the modification issue to a tribunal in the petitioner's state of residence. Also implicit in a shift of jurisdiction over the child support order is that the agreed-upon tribunal must have subject matter jurisdiction and personal jurisdiction over at least one of the parties or the child, and that the other

party submits to the personal jurisdiction of that forum. In short, UIFSA does not contemplate that absent parties can agree to confer jurisdiction on a tribunal without a nexus to the parties or the child. But if the other party agrees, either the obligor or the obligee may seek assertion of jurisdiction to modify by a tribunal of the state of residence of either party.

Comment, Uniform Interstate Family Support Act (9 U.L.A.) § 611.

reassess the appellant's contempt status in light of such recalculation.

The judgment of the Circuit Court of Wood County is, therefore, reversed, and this case is remanded.

Reversed and remanded.