[No. B145310. Second Dist., Div. Five. Mar. 22, 2002.]

In re the Marriage of BARBARA J. and PATRICK J. RASSIER.
BARBARA J. RASSIER, Appellant, v.
PATRICK J. RASSIER, Respondent.

COUNSEL

Michael L. Guisti for Appellant.

Loring M. Myers for Respondent.

OPINION

MOSK, J.—

### INTRODUCTION

Appellant Barbara J. Rassier appeals from an order by the Los Angeles Superior Court modifying a spousal support obligation imposed upon respondent Patrick J. Rassier by order of a Florida court in a 1985 Florida dissolution of marriage judgment. Because we hold that notwithstanding that

neither of the parties now resides in Florida, a California court does not have the power to modify a spousal support order issued by the Florida court, we reverse the modification order.

## BACKGROUND

Barbara and Patrick[1] were married in 1968, separated in 1984, and divorced in 1985. At the time of their divorce, both Barbara and Patrick were residents of Florida; therefore, the dissolution proceedings were in a Florida court. The Florida court ordered Patrick to pay Barbara "permanent" spousal support of $900 per month, which support would terminate only upon Barbara's or Patrick's death or Barbara's remarriage.

Sometime after the divorce, Barbara moved to Guam and Patrick moved to California. In November 1998, Patrick stopped making his spousal support payments. In October 1999, Barbara registered, and sought to enforce, the Florida spousal support order in Los Angeles Superior Court, because at that time Patrick was a resident of Los Angeles County. The superior court issued a wage and earnings assignment order that ordered Patrick's employer to withhold a portion of Patrick's earnings and to pay the withheld earnings to Barbara through the office of the court trustee.

In February 2000, Patrick filed an order to show cause in the same proceeding, asking the superior court to terminate the Florida court's spousal support order. Barbara opposed Patrick's request on the ground that the California court does not have jurisdiction to modify or terminate the Florida court's order, citing California Family Code sections 4909, subdivision (f), and 4910, subdivision (c).[2] The superior court granted Patrick's request and ordered Patrick's spousal support obligation reduced to $0 per month, holding that Florida no longer had exclusive and continuing jurisdiction over either party because neither party resided in Florida.

On appeal, Barbara contends that the superior court's order modifying the spousal support must be reversed because (1) under section 4909, subdivision (f), the court was precluded from modifying or terminating the order, (2) under the principle of comity, the California court must defer to the Florida court's jurisdiction over the order, and (3) even if the superior court had the power to modify or terminate the spousal support order, the court abused its discretion in reducing the award to zero. Because we hold that that

---

[1]For reasons of clarity, with no disrespect intended, we refer to the parties by their first names.

[2]All further statutory references are to the California Family Code unless otherwise indicated.

section 4909, subdivision (f), precludes the modification of the Florida spousal support order and thus requires reversal of the superior court's order modifying the spousal support obligation, we need not address Barbara's other contentions.

## DISCUSSION

Subdivision (f) of section 4909 provides, in relevant part: "A tribunal of this state may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state." Thus, the superior court, as a "tribunal of this state" (Fam. Code, § 4902), was precluded by statute from modifying the Florida spousal support order if Florida, under its law, has continuing, exclusive jurisdiction over the order. It does.

Subdivision (6) of Florida Statutes section 88.2051, which enactment is part of the Florida Uniform Interstate Family Support Act, provides, in relevant part: "A tribunal of this state [Florida] issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a spousal support order throughout the existence of the support obligation." Although the Florida Uniform Interstate Support Act was not in effect at the time the Florida court issued the original spousal support order in this case, Florida courts have determined that the act "applies to all proceedings for support *or for modification of support orders* . . . commenced on or after [July 1, 1997]." (*Department of Revenue v. Cascella* (Fla.Dist.Ct.App. 2000) 751 So.2d 1273, 1275, italics added; see also *Department of Revenue ex rel. Sloan v. Sloan* (Fla.Dist.Ct.App. 1999) 743 So.2d 1131, 1133, fn. 3.) Therefore, Florida Statutes section 88.2051 applies to Patrick's request to terminate the spousal support order; and California Family Code section 4909, subdivision (f) precludes the superior court from modifying the Florida spousal support order because, under Florida Statutes section 88.2051, the Florida court that issued the support order has continuing, exclusive jurisdiction over the order.

Even if the law in effect at the time of the Florida spousal support order did control whether the Florida court has continuing exclusive jurisdiction over the order, the result is the same. Florida Statutes section 61.14, as it read in 1985, provided in relevant part: "(1) [W]hen a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed[,] . . . either party may apply to the circuit court of the circuit . . . in which the order was rendered, for a

judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires . . . . [¶ (2) . . . No person shall commence, or cause to be commenced, as party or attorney or agent or otherwise, in behalf of either party in any court, an action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance, or alimony otherwise than pursuant to the order." (Historical and Statutory Notes, 5A West's Fla. Stat. Ann. (1997 ed.) § 61.14, p. 62.) Thus, under Florida law as it existed at the time of the spousal support order, the Florida court that issued the order has continuing jurisdiction to modify or terminate the support obligation for as long as the obligation exists (under subdivision (1)), and that jurisdiction is exclusive (under subdivision (2)).

The superior court's conclusion that Florida no longer had exclusive and continuing jurisdiction over *the parties* because neither party resided in Florida is immaterial to whether a California court may modify a Florida spousal support order. As noted above, California law prohibits a California court from modifying a spousal support order issued by a court in another state when, as in this case, the court in that other state has continuing exclusive jurisdiction over *the order*. Thus, whether the parties reside in the issuing state at the time modification is sought is of no consequence.

In any event, the superior court's conclusion that Florida no longer had jurisdiction over the parties is incorrect with respect to the modification of the Florida spousal support order, because the Florida court has the power to retain and retains exclusive jurisdiction over the parties in and for the dissolution proceeding by virtue of its jurisdiction over its support order. It is well established that once a court obtains personal jurisdiction over a party in an action, jurisdiction over the party continues for subsequent proceedings that arise out of that action. (See, e.g., Rest.2d Conf. of Laws (Rev. May 19, 1988) § 26 ["If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original claim."]; *Michigan Trust Co. v. Perry* (1913) 228 U.S. 346, 353 [33 S.Ct. 550, 552, 57 L.Ed. 867] ["if a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of a State to bind him by every subsequent order in the cause"].)

█  As the comments to section 26 of the Restatement Second of Conflict of Laws explain, "[t]he continuance of a state's judicial jurisdiction, once such jurisdiction has been obtained, is not dependent upon the constant existence of some jurisdictional basis. Such a basis must exist at the initiation of the proceeding; it need not continuously do so thereafter." (Rest.2d

Conf. of Laws, *supra*, § 26, com. a, p. 24.) Once a court obtains jurisdiction over the parties in an action and enters an order in that action, the court retains jurisdiction to vacate, reverse, or modify that order even if there is no other basis for jurisdiction over the parties at that time, such as when the parties move out of the state in which the court is located, and even if there has been a lapse of many years between the issuance of the order and the request for modification. (*Id.* at com. b, p. 25.)[3]

In this case, the Florida court obtained jurisdiction over Patrick and Barbara at the time of the original marital dissolution proceeding that resulted in the spousal support order at issue. Despite the passage of time and the relocation of the parties, Florida retains jurisdiction over Patrick and Barbara for the purpose of determining whether the support order should be modified, regardless of either party's current residence. (See *Cohn v. Cohn* (Fla. 1942) 10 So.2d 77, 81 [holding that because Florida court had jurisdiction over the parties at the time of the dissolution proceeding in which the court ordered alimony, the Florida court retained jurisdiction for purposes of modification of alimony even though neither party resided in Florida at the time modification was sought].)

Patrick incorrectly contends that (1) under *Williams v. North Carolina* (1945) 325 U.S. 226 [65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366], Florida did not have continuing, exclusive jurisdiction over the support order, and (2) under *In re Marriage of Aron* (1990) 224 Cal.App.3d 1086 [274 Cal.Rptr. 357], California courts may modify foreign support orders. Neither of these cases applies to the circumstances of this case.

In *Williams v. North Carolina, supra,* 325 U.S. 226, a man and a woman who were married to others and living in North Carolina went to Nevada to obtain divorces from their respective spouses and to marry each other. When they returned to North Carolina after six weeks in Nevada and established residence together, they were arrested for bigamy because North Carolina did not recognize the Nevada divorce. The United States Supreme Court explained that "[a] judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." (*Williams v. North Carolina, supra,* 325 U.S. at p. 229 [165 S.Ct. at p. 1095].) The court held that, because the parties lived in North Carolina during the events in

---

[3]The Restatement provides the following example: "A obtains a support order against B in state X. A later becomes domiciled in state Y. Thereafter, B becomes domiciled in another state. The X court still has judicial jurisdiction to modify the original order." (Rest.2d Conf. of Laws, *supra*, § 26, com. g, illus. 9, p. 29.)

question (except for the six-week period in which the parties were in Nevada to obtain their divorces), "North Carolina was entitled to find, as she did, that they did not acquire domiciles in Nevada and that the Nevada court was therefore without power to liberate the petitioners from amenability to the laws of North Carolina governing domestic relations." (*Id.* at p. 239 [65 S.Ct. at p. 1099].) This holding does not bear on the present case, because there is no question that the Florida court had jurisdiction over Barbara and Patrick at the time it entered the spousal support order. Therefore, under *Williams v. North Carolina, supra,* 325 U.S. at page 229 [65 S.Ct. at pages 1094-1095], the judgment of dissolution in this case—including the spousal support order—is conclusive in California.

*In re Marriage of Aron, supra,* 224 Cal.App.3d 1086, in which the court held that a California court may modify a child support order rendered in another state if one of the parties resides in California at the time modification is sought, also is inapplicable to the present case. First, *In re Marriage of Aron* was decided under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA). (*In re Marriage of Aron, supra,* 224 Cal.App.3d at p. 1089.) California and Florida replaced RURESA with the Uniform Interstate Family Support Act (UIFSA), and UIFSA (including Cal. Fam. Code, § 4909 and Fla. Stat. § 88.2051) now governs the jurisdiction of the courts to modify spousal support orders. (See, e.g., *In re Marriage of Newman* (2000) 80 Cal.App.4th 846, 849 [95 Cal.Rptr.2d 691].) Second, the support order at issue in *In re Marriage of Aron* was a *child* support order, and UIFSA treats child support orders and spousal support orders differently with respect to continuing exclusive jurisdiction. Unlike a spousal support order, with respect to which the residence of the parties is irrelevant as to whether the issuing court has continuing exclusive jurisdiction, a tribunal of the state issuing a *child* support order under UIFSA has continuing exclusive jurisdiction over the child support order only for as long as at least one of the parties—the obligor, the obligee, or the child—resides in the issuing state. (Cal. Fam. Code, § 4909, subd. (a); Fla. Stat. § 88.2051, subd. (1).) Therefore, the court's conclusion in *In re Marriage of Aron* that the trial court had the power to modify a child support order because one of the parties resided in California is irrelevant as to whether the court in the instant case had the power to modify a spousal support order.

As we have explained, the trial court in this case lacked the power to modify the Florida spousal support order.

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellant.

Turner, P. J., and Armstrong, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 19, 2002. Kennard, J., did not participate therein.