831 So.2d 1271 (2002)
Barbara B. VINNIK, Appellant,
v.
Daniel M. VINNIK and Lora B. Vinnik, Appellees.
No. 4D01-2694.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
*1272 Mark I. Frumkes and Elisha D. Roy of Martin L. Haines, III, Chartered, Lake Park, for appellant.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellees.
POLEN, C.J.
Barbara Vinnik appeals the lower court's dismissal of her Amended Complaint, which asserted three causes of action against her ex-husband Daniel and his new wife Lora, and transfer of the proceedings to New York. We agree and reverse with directions for the lower court to reinstate Barbara's Amended Complaint.
Barbara and Daniel were divorced by order of the Supreme Court of New York, Westchester County, on January 30, 1981. Prior to entry of the dissolution judgment, in December of 1980 they had drafted two documents dealing with property distribution and support issues: a Settlement Agreement ("Stipulation") and an Inter Vivos Trust. Although the parties intended the Stipulation to be incorporated into the final judgment of dissolution, it was not, due to a clerical error. Nor was the Trust incorporated into the final judgment of dissolution.
Daniel has since moved to Florida, where he now resides with his new wife, Lora. Barbara still resides in New York. In January of 1999, Barbara filed a petition to domesticate and enforce the New York judgment of dissolution in Palm Beach Circuit Court ("First Action"). Barbara's petition further sought damages for Daniel's alleged breach of his obligations under the Stipulation and the Trust. Daniel filed a counterpetition seeking modification of his support obligations. Both parties filed motions to dismiss the other's cause of action. On January 25, 2001, a predecessor judge granted Daniel's motion to dismiss Barbara's petition, since a court in New York had previously ruled the Stipulation, upon which Barbara's action was based, had not been incorporated by reference into the final judgment of dissolution. Barbara's motion to dismiss Daniel's counterpetition was also granted.
Barbara then appealed the dismissal of her petition to this court. While that appeal was pending, Barbara petitioned the New York court for an order amending the original judgment of dissolution, specifically incorporating the Stipulation into that judgment. An Amended Order of dissolution, specifically incorporating the Stipulation, was entered in May of 2001, nunc pro tunc. Barbara then moved this court to relinquish jurisdiction, and her appeal was dismissed by this court in August of 2001. Barbara then moved the Circuit Court to vacate the previous dismissal of her petition. The Circuit Court then vacated the January 2001 dismissal in October of 2001. Daniel then moved to dismiss Barbara's now-reinstated petition to domesticate the New York (amended) judgment. This motion was denied. Daniel then filed a consolidated petition for certiorari or prohibition from these two orders of the Circuit Court.
On March 26, 2002, in case # 01-4652, this court dismissed Daniel's petition for certiorari and denied prohibition. As of the issuance of this opinion, Barbara's petition to domesticate and enforce the New York dissolution judgment is still pending in the Palm Beach Circuit Court.
Meanwhile, on January 29, 2001, days after the predecessor judge had dismissed her petition to domesticate and enforce the New York judgment, Barbara filed a complaint *1273 in Palm Beach Circuit Court, sounding causes of action for breach of contract, breach of trust, and avoidance of fraudulent conveyance, against Daniel and Lora ("Second Action"). In this complaint, in order to circumvent the then-existing incorporation problem concerning the Stipulation, Barbara sought direct enforcement of the Stipulation and the Trust. Aside from the new fraudulent conveyance count, and the addition of Lora as a party-defendant, this action sought the same damages, and was premised on the same facts, as her petition to domesticate had been. Daniel and Lora filed motions to dismiss, abate, or transfer Barbara's Amended Complaint, arguing, inter alia, Florida courts lacked jurisdiction over the causes of action asserted, which addressed spousal support, by way of the Uniform Interstate Family Support Act ("UIFSA"). By the time this Second Action came before the lower court a successor judge was presiding over the matter. On June 1, 2001, the successor judge dismissed Barbara's amended complaint and transferred the proceedings to New York on jurisdictional grounds. It is this dismissal and transfer of this Second Action which is now before this court.
Though the procedural history of this case is somewhat complicated, the guiding legal principles are quite simple and straightforward. Upon review of the record, it is apparent the order dismissing and transferring the Amended Complaint was premised on a faulty understanding of UIFSA, specifically the concept of "continuing exclusive jurisdiction." Both Florida and New York have mirroring statutes which adopt UIFSA's concept of "continuing exclusive jurisdiction."
A tribunal of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of this state may not modify a spousal support order issued by a tribunal of another state having continuing exclusive jurisdiction over that order under the law of that state. § 88.2051(6), Fla. Stat. (2001); § 580-205(f), N.Y. Family Court Laws (2001).
Clearly, this statute maintains a state issuing a spousal support order has exclusive jurisdiction to modify that order for the life of the obligation. However, sister states may enforce out-of-state spousal support orders. § 88.6011, Fla. Stat. (2001); see Laura W. Morgan, Interstate Enforcement of Support: A Short Primer on Federal and Uniform Law, 9 No. 4 Divorce Litig. 65 (1997)(spousal support orders may always be modified by the issuing state, i.e., the issuing tribunal retains continuing, exclusive jurisdiction over an order of spousal support throughout the entire existence of the support obligation, however several states may have jurisdiction to enforce a support order at the same time; what distinguishes UIFSA is that, for the first time, all states will be enforcing the same amount: there is only one controlling order).
Here, Barbara merely sought to enforce the terms of, and not modify, an out-of-state spousal support order, to wit, the Stipulation. Daniel's motion to modify that support obligation had already been (properly) transferred to New York.[1] Florida *1274 is in no way foreclosed from exercising jurisdiction over Barbara's Amended Complaint which seeks damages accruing from Daniel's alleged failure to fulfill his obligations under the Stipulation and the Trust.[2]
Furthermore, we decline Daniel's invitation for this court to affirm the lower court's dismissal of Barbara's Amended Complaint on alternative grounds asserted in his motion to dismiss. Barbara's count seeking damages for Daniel's failure to fulfill his obligations under the Trust does not address the validity of the Trust itself. The record developed below does not establish as a matter of law that the Trustee is an indispensable party to this action. Cf. Hanson v. Denckla, 357 U.S. 235, 245, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). We find appellees' additional arguments relating to Count III of Barbara's Amended Complaint without merit. Accordingly, we reverse the Circuit Court's order dismissing and transferring Barbara's Amended Complaint, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] Daniel's petition for modification was denied on May 3, 2001 at the trial level in New York, approximately one month before the instant order on appeal. Daniel never requested a stay in the instant proceedings based on the New York proceedings. Furthermore, Daniel did not appeal the New York trial level denial of his petition for modification until after the instant appeal was filed. Although rulings which occur after the entry of an order of appeal are outside of the record and have no bearing on the propriety of the lower court's ruling, we note Daniel's appeal of the New York trial court's denial of his petition for modification has since been affirmed on appeal. Daniel's argument Barbara's enforcement proceedings should be transferred to New York on comity grounds are unconvincing.
[2] We note the damages sought in this Second Action are somewhat duplicative of those sought in the First Action which has been reinstated below. The Circuit Court may consider consolidating these actions in order to prevent the entry of conflicting orders.