886 So.2d 1075 (2004)
Lillian SPALDING, Appellant,
v.
George SPALDING, Appellee.
No. 5D03-4061.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
*1076 Lillian Spalding, Gainesville, Pro Se.
A.J. Rohe, III, of Law Office of A.J. Rohe, III, Tavares, for Appellee.
MONACO, J.
While there are a number of issues raised in this appeal by the appellant, Lillian Spalding (the "Former Wife"), only a single error needs to be redressed. We conclude that the trial court did not properly apply those parts of the Uniform Interstate Family Support Act ("UIFSA"), Chapter 88, Florida Statutes (2003), dealing with the capacity of trial courts to modify foreign alimony judgments, and reverse on that single point.
The Former Wife and the appellee, George Spalding (the "Former Husband"), were divorced in Massachusetts in 2001. The terms of this dissolution judgment, among other things, required the Former Husband to pay the Former Wife child support, as well as $100.00 per week as alimony. In 2002, the Former Husband filed a Notice of Registration of Foreign Judgment of Divorce in Florida in accordance with UIFSA, in which he claimed a substantial change of circumstances, and sought a downward modification of child support and alimony. The matter of child support was resolved in 2003, at least temporarily, by a stipulation of the parties modifying child support, and an order implementing the terms of the stipulation. As to alimony, however, the order suspended collection, but did not at that time reduce or terminate it. Some time later the Former Husband asked the court to modify his spousal support obligation by reducing the amount he was required to pay to the Former Wife as alimony.
The effect of registration under UIFSA of an out-of-state support or income-withholding order for purposes of enforcement is defined in section 88.6031, Florida Statutes (2003):
(1) A support order or income-withholding order issued in another state is registered when the order is filed in the registering tribunal of this state.
(2) A registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state.
(3) Except as otherwise provided in this article, a tribunal of this state shall recognize and enforce, but may not modify a registered order if the issuing tribunal had jurisdiction.
The Former Wife, who opposed any reduction, argued that under section 88.2061(3), Florida Statutes (2003), the Commonwealth of Massachusetts retained exclusive jurisdiction over the alimony order. That statute reads as follows:
A tribunal of this state which lacks continuing exclusive jurisdiction over a spousal support order may not serve as a responding tribunal to modify a spousal support order of another state.
"Continuing exclusive jurisdiction," a defined term under UIFSA, is described in section 88.2051, Florida Statutes (2003). While the statute defines the term as it applies to a variety of marital support orders, subsection (6) deals specifically *1077 with spousal support obligations, as follows:
(6) A tribunal of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of this state may not modify a spousal support order issued by a tribunal of another state having continuing exclusive jurisdiction over that order under the law of that state.
After a number of additional hearings and other proceedings, the trial court eventually concluded that it had the authority to modify the out-of-state alimony order, and cited this court's decision in Fabio v. Monell, 594 So.2d 782 (Fla. 5th DCA 1992), as authority for its determination. When the trial court subsequently reduced the amount of alimony required of the Former Husband, and did so retroactively to the date the Former Husband filed his petition to reduce alimony, the Former Wife appealed.
Our analysis necessarily begins with the recognition that the Former Husband sought relief from his marital support obligations in the courts of Florida when he registered the Massachusetts divorce judgment in Florida pursuant to UIFSA. Having done so, he is bound by the terms of that legislation. Sections 88.2051, 88.2061(3) and 88.6031, Florida Statutes (2003), three of the provisions of UIFSA implicated by the dispute between the parties in this appeal, lend considerable weight to the Former Wife's position. UIFSA makes a clear distinction between the terms "support order," "child support order," and "spousal support order." The Florida statute, as well as the Massachusetts version of UIFSA[1], provides that a tribunal of the state issuing a support order, consistent with the law of the state, has "continuing exclusive jurisdiction" over a "child support" order as long as the state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, or until appropriate consents of the affected individuals are filed. See § 88.2051(1)(a) and (b), Fla. Stat. (2003). Provisions governing the procedures to be followed in the modification of child support orders are found in section 88.2051(2), (3) and (4). Under subsection (6) of that statute, however, a court of this state may not modify a "spousal support order" issued by a tribunal of another state having "continuing exclusive jurisdiction" over that order throughout the existence of the support obligation. See § 88.2051(6), Fla. Stat. (2003); see also Vinnik v. Vinnik, 831 So.2d 1271 (Fla. 4th DCA 2002). Similarly, under section 88.2061(3), a court of Florida that lacks continuing exclusive jurisdiction over a spousal support order may enforce out-of-state spousal support orders, but may not serve as a responding tribunal to modify a spousal support order of another state. See Vinnik, 831 So.2d at 1273; see also Marriage of Rassier, 96 Cal.App.4th 1431, 118 Cal.Rptr.2d 113 (2002); Hibbitts v. Hibbitts, 749 A.2d 975 (Pa.Super.Ct.2000); Marriage of Erickson, 98 Wash.App. 892, 991 P.2d 123 (2000); State, Dept. of Human Servs. v. Jacoby, 975 P.2d 939 (Utah Ct.App.1999). A distinction between child support orders and spousal support orders is clearly recognized by the legislation.
A party seeking to enforce an out-of-state spousal support order or income withholding order commences the process by registering the order in this state for "enforcement." See § 88.6011, Fla. Stat. (2003). The effect of registration for enforcement *1078 purposes is that a registered order issued by a court in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a court of this state. Except as otherwise provided under Chapter 88, a court of this state must recognize and enforce, "but may not modify" a registered order if the issuing tribunal had jurisdiction. See § 88.6031(3), Fla. Stat. (2003). Since the trial court in the present case modified the spousal support order, and since that modification appears to contravene the unambiguous language of the statute, we must reverse.
For two reasons Fabio v. Monell, supra, the case relied upon by the trial court, does not provide support for the modification of the alimony ordered in the present case. First of all, Fabio was decided in 1992, five years before the effective date of UIFSA in Florida. Secondly, Fabio interpreted the domestication of a judgment under Chapter 55, Florida Statutes, and not under UIFSA. Because the Former Husband commenced the registration process under UIFSA, we need not address here the relationship between the two statutes, or whether UIFSA supersedes Chapter 55 in matters of support.
In all other respects we approve the actions of the trial court. We reverse, however, that part of the trial court's order modifying the Massachusetts spousal support order awarding alimony to the Former Wife, and remand for further proceedings in that regard.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, CJ., and PETERSON, J., concur.
NOTES
[1] Mass. Gen. Laws Ch. 209D, § 2-205(a)(1) (2004).