PER CURIAM.
Brenda and James Mani were divorced by a New Jersey final judgment in 2002. The judgment required Brenda to pay James $610 per week in alimony, “subject to modification in accordance with New Jersey law upon the occurrence of [James’s] cohabitation with any member of the opposite sex not related to defendant by blood or marriage.”
After the entry of the judgment, both James and Brenda became residents of Palm Beach County, Florida. Brenda filed a petition for modification and/or enforcement of the final judgment in the circuit court. The court granted James’s motion to dismiss, citing Spalding v. Spalding, 886 So.2d 1075 (Fla. 5th DCA 2004).
Brenda disagrees with the dismissal, contending that this was not an action brought under the Uniform Interstate Family Support Act, Chapter 88, Florida Statutes (2004), the statute applied in Spalding. See § 88.2051(6), Fla. Stat. (2004). Brenda contends that the wife “chose to enforce the terms of the [New Jersey] judgment under common law.” Section 88.1031, Florida Statutes (2004) provides that the UIFSA remedies “are cumulative and do not affect the availability of remedies under other law.”
The trouble with Brenda’s argument is that a Florida court has jurisdiction to modify the alimony provisions of a foreign judgment only after it has been established as a Florida judgment. See § 61.14(l)(a), Fla. Stat. (2004); Sackler v. Sackler, 47 So.2d 292, 295 (Fla.1950); Haskin v. Haskin, 781 So.2d 431 (Fla. 4th DCA 2001); Serko v. Serko, 385 So.2d 1117 (Fla. 4th DCA 1980); Muss v. Muss, 390 *1088 So.2d 415, 416 (Fla. 3d DCA 1980). The petition for modification and/or enforcement filed in this case was not an action seeking to establish the New Jersey judgment as a Florida judgment. For this reason, we affirm the order of dismissal.
WARNER, GROSS and HAZOURI, JJ., concur.