PER CURIAM.
 

 Ana Alvarez Sootin, the former wife, appeals an order transferring a Florida post-final-judgment dissolution case to Tennessee. We reverse because we find no authority to support the transfer.
 

 When the parties divorced in Miami-Dade County in 1998, the former husband was ordered to pay permanent alimony. In 2008, the former husband filed a petition in Miami-Dade circuit court to modify or terminate the alimony. The former wife had moved to Tennessee and was served there. However, the petition did not allege any specific predicate for long arm service. The former wife successfully moved to quash service as insufficient and dismiss the petition.
 
 [1]
 

 After these proceedings, the former husband also moved to Tennessee. He then filed a petition in a Tennessee court to register and modify the Miami-Dade divorce judgment under Tennessee Code section 36-5-2601. The former wife moved to dismiss this petition for lack of subject matter jurisdiction. She asserted that under the Uniform Interstate Family Support Act, sections 88.0011-.9011, Florida Statutes (2009) (“UIFSA”),
 
 [2]
 
 the Miami-Dade court had exclusive jurisdiction to modify the support provisions of the judgment. The Tennessee court ordered the former husband to seek clarification from the Miami-Dade court as to whether it had retained jurisdiction over the matter.
 

 As directed, the former husband filed a motion in Miami-Dade circuit court requesting that the court clarify its ruling in dismissing the 2008 motion to modify. During a telephone conference, the Miami-Dade judge decided to transfer the cause to Tennessee. The former wife appeals from this transfer order.
 

 Despite the obvious logic of allowing the two former spouses now living in Tennessee to resolve their dispute there,
 
 [3]
 
 we must reverse. Under UIFSA, the Miami-Dade court has “continuing
 
 exclusive
 
 jurisdiction over a spousal support order throughout the existence of the support obligation.” § 88.2051(6) (emphasis added). The correct procedure under UIFSA is to register the spousal support judgment in another state for enforcement there. § 88.3011(2)(c). Even after registration, however, the foreign court must send the case back to the Florida court to consider any modification of the order. § 88.2061(2) (“A tribunal of this state having continuing exclusive jurisdiction over a support order may act as a responding tribunal to enforce or modify the order.”). Under UIFSA, out-of-state courts may enforce Florida spousal support orders but may not modify them.
 
 Spalding v. Spald-ing,
 
 886 So.2d 1075 (Fla. 5th DCA 2004);
 
 Vinnik v. Vinnik,
 
 831 So.2d 1271 (Fla. 4th DCA 2002).
 
 See
 
 § 88.6031(3) (“Except as otherwise provided in this article, a tribunal of this state shall recognize and enforce,
 
 but may not modify,
 
 a registered order if the issuing tribunal had jurisdiction.”) (emphasis added).
 

 
 *995
 
 On this basis, the transfer order must be reversed.
 

 [1]
 

 . Service was sufficient, jurisdiction existed, and the former spouses have lost time and money as a result of this wheel-spinning.
 

 [2]
 

 . Tennessee has also adopted the UIFSA. Tenn.Code §§ 36-5-2001-2902.
 

 [3]
 

 .One commentator has concluded that UIF-SA “contains possibly the most cumbersome, redundancy filled, unscholarly, confusing and poorly written set of civil remedies imaginable.” Henry P. Trawick, Jr.,
 
 Trawick’s Florida Practice & Procedure
 
 501 (2006 ed.).