FINAL COPY
294 Ga. 572

S13A1705. BARKER v. BARKER.

BLACKWELL, Justice.

In 2005, David and Yvonne Barker were divorced by the decree of a Richmond County court. Seven years later, David filed a petition in a Gwinnett County court to enforce certain provisions of the original decree by contempt and to modify certain other provisions of the original decree. The Gwinnett County court, however, dismissed his petition for want of personal jurisdiction, noting that Yvonne moved from Georgia several years ago, and concluding that she is not, therefore, amenable to the jurisdiction of the Georgia courts. David appeals, and we reverse.[1]

Since 2010, our statutory law has provided that a Georgia court may obtain jurisdiction of a nonresident if she

> [h]as been subject to the exercise of jurisdiction of a court of this state which has resulted in an order of alimony, child custody, child support, equitable apportionment of debt, or equitable division of

---

[1] Yvonne also objected to venue in Gwinnett County, but the court below did not reach that objection, and we likewise do not reach it. We leave venue for the trial court to address on remand.

property if the action involves modification of such order and the moving party resides in this state or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

OCGA § 9-10-91 (6). Here, there is no dispute that the original divorce decree was entered by a Georgia court properly having jurisdiction of Yvonne, that the divorce decree included orders as to child custody and support, that the present petition involves a request to modify the original decree with respect to child support and to enforce it with respect to child visitation, and that David resides in this state. Yvonne appears quite clearly to be amenable to the jurisdiction of the Georgia courts for the purposes of the petition under the plain terms of OCGA § 9-10-91 (6).

Notwithstanding the statute, however, Yvonne contends that it would be unconstitutional to subject her to the jurisdiction of a Georgia court because, she says, she presently lacks contacts with Georgia and she has done nothing to avail herself of the laws of this state. To the contrary, although Yvonne may not have set foot in Georgia for several years, she has received child support and maintained custody of her child since 2005 pursuant to the decree of a Georgia court. Moreover, the recent enactment of OCGA § 9-10-91 (6) amounts to a

2

recognition in Georgia of the doctrine of continuing personal jurisdiction in divorce cases, a doctrine that long has been settled in other jurisdictions. Pursuant to the doctrine, "[i]t is well established that once a court obtains personal jurisdiction over a party in an action, jurisdiction over the party continues for subsequent proceedings that arise out of that action." In re Marriage of Rassier, 118 Cal. Rptr. 2d 113, 116 (Ct. App. 2002) (citations omitted). And the doctrine generally is consistent with the Constitution, "the United States Supreme Court [having] placed its imprimatur on the continuing personal jurisdiction doctrine in the case of Michigan Trust Co. v. Ferry, 228 U. S. 346 (33 SCt 550, 57 LE 867) (1913) . . . ." State ex rel. Ravitz v. Fox, 273 SE2d 370, 373 (I) (W. Va. 1980). In Michigan Trust, the Supreme Court explained that, "if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a [s]tate to bind him by every subsequent order in the cause." 228 U. S. at 353 (citation omitted). See also Bailey v. Bailey, 867 P2d 1267, 1270 (Okla. 1994) ("Many courts have relied on Michigan Trust v. Ferry, for controversies of this nature have recurred with some frequency.") (footnote omitted). Citing Michigan Trust as the seminal decision on continuing personal jurisdiction, the American Law Institute has

3

defined the doctrine in these terms: "If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action."[2] Restatement (Second) of Conflict of Laws § 26 (1971). As comment b to this section of the Restatement further explains,

> [o]nce a court obtains jurisdiction over the parties in an action and enters an order in that action, the court retains jurisdiction to vacate, reverse, or modify that order even if there is no other basis for jurisdiction over the parties at that time, such as when the parties move out of the state in which the court is located, and even if there has been a lapse of many years between the issuance of the order and the request for modification.

Rassier, 118 Cal. Rptr. 2d at 116 (footnote omitted).

Accordingly, the rule appears to be nearly universal[3] that, once a court with personal jurisdiction over the parties enters a divorce decree, personal jurisdiction continues throughout all subsequent proceedings that arise out of the original cause of action, including matters relating to alimony, child support,

---

[2] The American Law Institute has also provided, however, that "[r]easonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding." Restatement (Second) of Conflict of Laws § 26 (1971).

[3] See Bailey, 867 P2d at 1270; Glading v. Furman, 383 A2d 398, 401 (Md. 1978); Annot., 62 ALR2d 544, § 2 [a] (1958).

4

and child custody, and a party cannot escape that continuing jurisdiction to modify the original decree by moving to another state. See <u>McAleavy v. McAleavy</u>, 440 NW2d 566, 569 (Wis. 1989); <u>Ravitz</u>, 273 SE2d at 373 (I). See also <u>In re Marriage of McLean</u>, 937 P2d 602, 604 (Wash. 1997). The rule is the same with respect to the enforcement of a divorce decree by a contempt proceeding. See <u>Chapman v. Chapman</u>, 512 NE2d 414, 417 (I) (Ind. App. 1987), disapproved on other grounds, <u>Pettit v. Pettit</u>, 626 NE2d 444, 447 (Ind. 1993); <u>Glading v. Furman</u>, 383 A2d 398, 401 (Md. 1978). The rationale behind the application of the continuing personal jurisdiction doctrine in the domestic relations context has been stated as follows:

> With the matter of support and custody being placed in issue in the original proceeding, it cannot be said that the future welfare of children and matters relating to their support and custody requirements do not arise out of the original action. They are, indeed, an integral part of the original case. A party cannot place these matters in issue before a court, being himself subject to its jurisdiction and decretal orders, and later avoid the court's continuing jurisdiction to modify such orders as changing circumstances may require by the simple expedient of moving outside the court's geographical jurisdiction. Were the rule otherwise then litigants would become scofflaws.

<u>Ravitz</u>, 273 SE2d at 372-373 (I). And "labeling an enforcement or modification proceeding as a new action does not change the essential fact that these

5

proceedings arise out of and are incident to the original action. The personal jurisdiction obtained at that time continues in subsequent proceedings." McAleavy, 440 NW2d at 570. See also Smith v. Smith, 254 Ga. 450 (330 SE2d 706) (1985) (independent actions for modification of child support, as well as ancillary or incidental proceedings for contempt of a child support judgment, are included in OCGA § 9-10-91 (5) and arise out of or result from the parties' matrimonial domicile and Georgia divorce for purposes of constitutional analysis).

The doctrine of continuing personal jurisdiction in divorce cases — at least as it is reflected in OCGA § 9-10-91 (6) and applied in this case — is in no way inconsistent with the constitutional requirement of minimum contacts between the defendant and the forum state, a requirement to ensure that the maintenance of the suit in the forum does not offend traditional notions of fair play and substantial justice. See Chung-A-On v. Drury, 276 Ga. 558 (580 SE2d 229) (2003); Smith, 254 Ga. at 452-454 (3). To the contrary, the doctrine merely recognizes that, "once jurisdiction is established in a divorce action, the contacts which were sufficient to initially subject the person to the jurisdiction of our courts continue to provide a basis for personal jurisdiction in future proceedings

6

arising from the initial action." McAleavy, 440 NW2d at 570 (citations omitted). See also Beaulieu v. Beaulieu, 710 NE2d 1009, 1011 (Mass. App. 1999) (involving a long-arm provision almost identical to OCGA § 9-10-91 (6)); Cashman v. Cashman, 676 A2d 427, 431-432 (III) (Conn. App. 1996). As we noted earlier, the original divorce decree in this case, which provided for child custody and child support, was entered by a Georgia court with personal jurisdiction over the parties. David, who continues to reside in this state, now seeks modification and enforcement of that decree. Consequently, Yvonne is amenable to the jurisdiction of the Georgia courts under the plain terms of OCGA § 9-10-91 (6), and the Constitution does not forbid the exercise of such jurisdiction. For these reasons, the trial court's order of dismissal based on lack of personal jurisdiction must be reversed, and we remand this case to the trial court for further proceedings consistent with this opinion. See Rozar v. Donald, 280 Ga. 111, 113, n. 7 (622 SE2d 850) (2005); OFC Capital v. Schmidtlein Electrical, 289 Ga. App. 143, 144 (656 SE2d 272) (2008).

Judgment reversed and case remanded. All the Justices concur.

Decided February 24, 2014.

Domestic relations. Gwinnett Superior Court. Before Judge Blum, pro hac vice.

Cordell & Cordell, Kevin M. Mammola, for appellant.

Miriam A. Arnold-Johnson, for appellee.