# Third District Court of Appeal

**State of Florida**

Opinion filed December 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-228
Lower Tribunal No. 11-29740
_____


**Irena Ivko,**
Appellant,

vs.

**Igor Ger,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Irena Ivko, in proper person.

Kenneth M. Kaplan, for appellee.


Before SUAREZ, LAGOA, and LUCK, JJ.

SUAREZ, J.

Irena Ivko (the "Mother") appeals from an order of the trial court granting

Igor Ger's (the "Father") motion to transfer jurisdiction over child

support/visitation issues from Florida to Pennsylvania, where Mother and children now reside. We reverse. I

In October 2011, the Miami-Dade Circuit Court entered an order adjudicating paternity, finding Igor Ger the biological father of the two minor children. The court retained jurisdiction over child support, visitation and other child welfare issues. In December 2011, an order on temporary child support issued ordering the Father to pay child support. In 2012, the Mother was allowed to relocate from Florida to Pennsylvania with the minor children, where they currently reside. At the same time, the trial court issued an order transferring the entire case to Pennsylvania. The State of Florida, Division of Child Support Enforcement, filed a motion to vacate on the grounds that, pursuant to Florida Rule of Civil Procedure 1.060, the trial court did not have jurisdiction to transfer the case out of the State of Florida. The trial court vacated the order and jurisdiction remained in Miami-Dade County, Florida. Pending at that time, and still pending, is the Mother's motion through the Uniform Interstate Family Support Act ("UIFSA"), chapter 88, Florida Statutes (2012) for a determination of permanent child support.

In November 2016, the Father filed a motion to transfer jurisdiction from Miami-Dade County to Bucks County, Pennsylvania, asserting several bases that are unsupported by the record on appeal. The Mother objected, seeking to keep

enforcement of child support in Florida. The trial court granted the Father's motion to transfer the entire case to Pennsylvania, once again specifically stating that Pennsylvania shall have jurisdiction over all time sharing and child support matters. The Mother timely filed this appeal.

We reverse the trial court's order on two grounds. First, the trial court cannot transfer the child support matters to Pennsylvania where, given the facts of this case, the requirements and procedures of the UIFSA were not met. Second, and more importantly, the trial court has no authority to transfer the case out of the State of Florida pursuant to the rules of civil procedure and the family law rules governing transfers of actions.

Section 88.2051 of the UIFSA controls the outcome of this issue. Section 88.2051(1)(a) mandates that a tribunal that has issued a child support order retains continuing, exclusive jurisdiction to modify its order where that state remains the residence of either the obligor or the obligee, or remains the residence of the child for whose benefit the support order was issued or, pursuant to section 88.2051(2)(a), until all of the parties who are individuals have filed written consents with the Florida tribunal for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction.[1] See § 61.13(1)(a)(2), Fla. Stat.

---

[1] Further, if a child support order of Florida is modified by a tribunal of another state pursuant to the UIFSA or a substantially similar law, the Florida tribunal loses its continuing exclusive jurisdiction with regard to prospective enforcement of the order issued in Florida and may only enforce the order that was modified as

3

(2017) ("The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments . . . ."); Poliak v. Poliak, 235 So. 2d 512, 514 (Fla. 2d DCA 1970) (holding the law of Florida is well settled that a circuit court retains continuing exclusive jurisdiction to modify its custody orders, including visitation privileges, until such time as the minor children reach their majority); see also Yurgel v. Yurgel, 572 So. 2d 1327, 1332 (Fla. 1990) ("[J]urisdiction must be presumed to continue once it is validly acquired under section 61.1308; and it continues up until a Florida court expressly determines *on some other basis* that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased. . . ."); cf. Trissler v. Trissler, 987 So. 2d 209 (Fla. 5th DCA 2008) (noting statutory requirements for Florida's modification of another state's child support order similar to those required under UIFSA).

Florida retains continuing jurisdiction to modify this child support order pursuant to the UIFSA, but on this record does not have the authority to transfer the issue to Pennsylvania absent a showing that the statutory exceptions to modification exist. The record shows that the Mother and children now reside in

---

to amounts accruing before the modification, or enforce non-modifiable aspects of that order, and provide other appropriate relief for violations of that order which occurred before the effective date of the modification. § 88.2051(3), Fla. Stat. (2017). There is nothing in the record to indicate that this has occurred.

4

Pennsylvania. The record also indicates that the Father resided in Florida at the time of the entry of the child support order and admits that he is still a Florida resident.[2] Indeed, the opposing motions regarding the transfer of jurisdiction indicate the parties have not consented on the record that the Pennsylvania court, which has jurisdiction over the Mother, may modify the Florida child support order and assume continuing jurisdiction pursuant to section 88.2051(2)(a), Florida Statutes (2017).[3] See also Sootin v. Sootin, 41 So. 3d 993, 994 (Fla. 3d DCA 2010) ("[T]he correct procedure under UIFSA is to register the spousal support judgment in another state for enforcement there. Even after registration, however, the foreign court must send the case back to the Florida court to consider any modification of the order. Under the UIFSA, out-of-state courts may enforce Florida spousal support orders but may not modify them." (citations omitted)).

_____

[2] The Father asserted in his "Reply" (read, Answer) Brief that "neither of the parties were residents" of Florida. But in his recently filed motion to this Court to amend his Answer Brief to correct what he asserts is a "scrivener's error," he states that the "corrected evidence should state that the Appellee / Father is a resident of Florida and New York." The complete misstatement of a dispositive fact on appeal cannot be considered a "scrivener's error." The Appellee's statement of the facts in this appeal has been, to say the least, stretched beyond credulity.

[3] In his "Reply" (read, Answer) Brief in this appeal, the Father alleges that on January 4, 2017, the trial court held an "evidentiary" hearing on Father's November 1, 2016 motion to transfer jurisdiction of this case to Pennsylvania. The trial court's docket, however, indicates that the proceeding that took place on January 4, 2017 was not an evidentiary hearing, but rather a five-minute motion calendar hearing. The difference between a brief motion calendar hearing and an evidentiary hearing is very clear to this Court.

Second, on a more basic level, and as in 2012, the trial court has no authority to transfer the entire paternity / child support case out of the State of Florida. Pursuant to Florida Rule of Civil Procedure 1.060(b), the court may only transfer to any county in the State where it might have been brought in accordance with the venue statutes, not to another state. See Fla. Fam. L.R.P. 12.060(b) (amended March 2017 to mirror the language of Fla. R. Civ. P. 1.060).

We conclude that continuing jurisdiction to modify the child support order remains with the Miami-Dade Circuit court. We therefore reverse the trial court's order transferring the case to Pennsylvania, and remand for any further proceedings consistent with this opinion. The State of Florida Child Support Division continues to retain the authority to enforce any child support order that may have been issued.

Reversed and remanded.