VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.          24-AP-086

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2024

Kyle Hart\* v. Johanna Swift

}  APPEALED FROM:
}
}  Superior Court, Lamoille Unit,
}  Family Division
}  CASE NO. 23-DM-00350
      Trial Judge: Mary L. Morrissey

In the above-entitled cause, the Clerk will enter:

Husband appeals pro se from the dismissal of his motion to modify an out-of-state spousal-support order for lack of jurisdiction.  We affirm.

The record indicates the following.  The parties were divorced in Massachusetts in March 2018 pursuant to a separation agreement.  Pursuant to their agreement, husband was ordered to pay wife $1050 per week for her "support and maintenance," beginning in December 2017 and continuing indefinitely.  The parties' children were fifteen and eighteen at the time of the agreement and given the spousal-support payment referenced above, they agreed that "neither party shall pay child support to the other."

In February 2023, husband moved to register the parties' divorce order in Vermont, indicating that he had been living in Vermont for three-and-a-half years.  He also moved to modify his maintenance obligation.  Following an evidentiary hearing, the court determined that it lacked jurisdiction to modify the 2017 Massachusetts order regarding spousal support.  The court explained that while Vermont courts could modify and enforce child-support orders from other states (once those orders were properly registered in Vermont and other requirements were satisfied), see 15B V.S.A. § 1609, the same was not true of spousal-support orders.  In the latter case, the issuing court, here Massachusetts, retained continuing, exclusive jurisdiction to modify such orders.  See Mass. Gen. Laws Ann. ch. 209D, § 2-211(a) (West 2024) ("A tribunal of the commonwealth issuing a spousal support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation.").  Vermont law is consistent with this provision, providing that "[a] tribunal of this State may not modify a spousal support order issued by a tribunal of another state or foreign country having continuing, exclusive jurisdiction over the order under the law of that

state or foreign country." 15B V.S.A § 1211. Consequently, because Massachusetts had "continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation," the trial court concluded that it lacked jurisdiction over husband's request.

Husband argues on appeal that the court did have jurisdiction to modify the order. He states that he assumed that if a Vermont court could register the spousal-support order, it could also modify the order. In support of his argument, he cites to § 611(a) of the Uniform Interstate Family Support Act (UIFSA), which corresponds to 15B V.S.A. § 1611(a). Husband also argues that the terms of the parties' separation agreement do not provide Massachusetts with continuing jurisdiction if the parties no longer reside there.

We reject these arguments. The court acknowledged that it could register an out-of-state spousal-support order but recognized that this did not mean it could modify it. Its decision is based on the plain language of the law. In support of his position, husband cites statutory provisions that relate to child-support orders, not spousal-support orders. Section 1609 of Title 15B sets forth the "[p]rocedure to register a <u>child support order</u> of another state for modification." (Emphasis added.) Section 1611(a), cited by husband, identifies the requirements that must be satisfied before a Vermont court "may modify <u>a child support order</u> issued in another state which is registered in this State." (Emphasis added.) These provisions do not establish that the court had jurisdiction to modify spousal-support orders, nor do they undermine the court's analysis above. See, e.g., <u>Spalding v. Spalding</u>, 886 So. 2d 1075 (Fla. Dist. Ct. App. 2004) (rejecting similar argument and explaining that UIFSA allows for modification of child-support orders by nonissuing state but not for modification of spousal-support orders).

Husband's remaining argument is equally without merit. He references the following provision in the parties' agreement:

> This Agreement has been executed or completed in Massachusetts and is a Massachusetts contract, and all matters affecting its interpretation and enforcement and the rights of the parties hereunder shall be governed by the laws of the Commonwealth of Massachusetts without regard to choice of law principles . . . . To the extent applicable law will permit and subject to any arbitration provisions contained herein, the courts of Massachusetts shall have exclusive jurisdiction (both subject matter and personal jurisdiction) relative to any disputes or other matters arising under or related to this Agreement so long as one or both parties resides in Massachusetts. Each party irrevocably submits and consents to such jurisdiction if permitted by applicable law, and each party irrevocably waives, to the fullest extent he or she may effectively do so under applicable law, (i) any objection he or she may have or hereafter have to designating the jurisdiction and venue of any action, suit or proceeding related to this Agreement and (ii) any claim that such action, suit or proceeding has been brought in an inconvenient forum.

This provision makes clear that the parties' agreement is "governed by the laws of the Commonwealth of Massachusetts." Under Massachusetts law, the Massachusetts court that issued the spousal-support order "has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation." Mass. Gen. Laws Ann. ch. 209D, § 2-211(a) (West 2024). The court did not err in concluding here that it lacked jurisdiction over husband's motion to modify.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice